[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 16, 2005
THOMAS K. KAHN
CLERK

No. 05-12791
Non-Argument Calendar
_____

BIA Agency Nos. A97-205-827 & A97-205-828

ORLANDO CRESPO MURIEL,
CARMEN CRESPO,
MARCO A. TAVARES GALLEGO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Order
of the Board of Immigration Appeals
_____

(December 16, 2005)

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Orlando Crespo Muriel ("Muriel"), his wife Carmen Crespo, and his stepson Marco A. Tavares Gallego (collectively "petitioners"), seek review of the final order of the Bureau of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ"), which denied their petitions for asylum, withholding of removal, and for relief under the United Nations Convention Against Torture ("CAT") . After review, we dismiss the petition for review for lack of jurisdiction to the extent it seeks review of the BIA's February 10, 2005 final order. We deny the petition to the extent it seeks review of the BIA's April 19, 2005 order denying petitioners' motion for reconsideration.

## I. BACKGROUND

Petitioners are natives and citizens of Columbia. After the Department of Homeland Security sought their removal for overstaying their non-immigrant visitors visas, petitioners filed applications for asylum and withholding of removal and for CAT relief based on Muriel's mistreatment at the hands of Revolutionary Armed Forces of Colombia ("FARC") guerillas for his political work with the Liberal Party and his participation in health brigades.

After the asylum hearing, the IJ denied petitioners all relief and ordered their removal. The IJ concluded that petitioners' asylum claims were time-barred because Muriel had not filed his asylum application within one year after he had entered the United States, as required by INA § 208(a)(2)(D), 8 U.S.C. §

2

1158(a)(2)(B), and had failed to show exceptional circumstances for his delay. Specifically, Muriel entered the United States on June 16, 1997 and did not complete his asylum application until April 21, 2003, almost six years later. Additionally, as a basis for denying petitioners all requested relief, the IJ found that Muriel's testimony at the hearing was inconsistent with the detailed claims made in his application.

The petitioners filed a notice of appeal to the BIA, arguing that they were eligible for asylum and withholding of removal. On February 10, 2005, the BIA issued its decision in which it agreed with the IJ's determinations and dismissed the appeal. Petitioners filed a motion for reconsideration, which the BIA denied on April 19, 2005. Petitioners filed their petition for review with this Court on May 18, 2005.

## II. DISCUSSION

### A. February 10, 2005 Final Order

A petitioner must file a petition for review with this Court within thirty days after the date of the final order of removal. 8 U.S.C. § 1252(b)(1). "Since the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling." Dakane v. United States Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (citing Stone v. INS, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995)). The finality of a removal

3

order is not affected by the filing of a motion to reconsider.  Stone, 514 U.S. at

405, 115 S. Ct. at 1549.[1]

Here, the petition for review was filed May 18, 2005, more than thirty days

after the BIA's February 10, 2005 affirmance of the IJ's decision.  Thus, we lack

jurisdiction to review the BIA's February 10, 2005 decision.

**B.      April 19, 2005 Order Denying Motion for Reconsideration**

We do have jurisdiction to review the BIA's April 19, 2005 order denying

petitioners' motion for reconsideration.  Motions for reconsideration are disfavored

in removal proceedings.  See INS v. Doherty, 502 U.S. 314, 323, 112 S. Ct. 719,

724 (1992).  The decision to grant a motion for reconsideration lies within the

discretion of the BIA.  8 C.F.R. § 1003.2(a).  We thus review the BIA's denial of a

motion for reconsideration only for abuse of discretion.  Assa'ad v. United States

Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003).  "Judicial review . . . is limited to

determining whether there has been an exercise of administrative discretion and

whether the matter of exercise has been arbitrary or capricious."  Garcia-Mir v.

Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation marks omitted).[2]

---

[1] "We review subject matter jurisdiction de novo."  Garcia v. United States Att'y Gen.,
329 F.3d 1217, 1220 (11th Cir. 2003).

[2] A motion for reconsideration filed with the BIA "shall specify the errors of law or fact
in the previous order and shall be supported by pertinent authority."  8 U.S.C. § 1229a(c)(6)(C);
see also 8 C.F.R. § 1003.2(b).

Petitioners' motion for reconsideration argued that the IJ and the BIA had erroneously found discrepancies between Muriel's hearing testimony and his asylum application. The BIA's final order noted that, in Muriel's application, "the respondent asserted that he participated in the health brigades in his native country, but during testimony, the respondent asserted that his difficulties arose because he was a construction worker in a United Nations project to build low-cost housing." To reconcile the two seemingly inconsistent statements, petitioners' motion for reconsideration pointed to Muriel's testimony that he worked as a construction worker and participated in the health brigades in his spare time.

In denying the motion, the BIA specifically considered the IJ's conclusions about the inconsistencies in Muriel's testimony and his asylum application. Moreover, the BIA acknowledged that the specific inconsistency noted in its prior opinion was open to different interpretations, but then pointed to additional inconsistencies between Muriel's hearing testimony and his asylum application.[3] In short, the BIA considered the consistency of Muriel's testimony with his application and determined, based on other inconsistencies and problems of proof,

---

[3] Specifically, the BIA noted that Muriel was unable to provide the details at his hearing that he had earlier supplied in his application and that he referred to his friend who had worked with him on political campaigns and allegedly been killed by the FARC as Herman at the hearing and as Jaime in his application. The BIA also noted that the documentation Muriel presented at the hearing, namely the death certificate of a friend who had worked with Muriel in politics in Columbia and letters showing that he had worked in construction and been a member of the Liberal Party, did not support his claim that he was threatened by the FARC. Concluding that the record still supported the IJ's decision, the BIA refused to disturb its final order.

that the IJ's determination should stand. Thus, the BIA clearly did not abuse its discretion in denying petitioners' motion for reconsideration.

Petitioners' motion for reconsideration also argued for the first time that the one-year time bar for asylum applications violated the Supremacy Clause because it was inconsistent with the Convention Related to the Protection of Refugees ("the Refugee Convention"), a treaty to which the United States is a signatory. The BIA refused to consider this argument because the BIA was without authority to rule on the constitutionality of the INA. We conclude that the BIA properly refused to consider petitioners' constitutional argument as it did not have the power to address their particular constitutional claim that sought to invalidate the one-year time bar of 8 U.S.C. § 1158(a)(2)(B). See Sundar v. INS, 328 F.3d 1320, 1325 (11th Cir. 2003) (noting that other circuits have stated in dicta that constitutional challenges and some due process claims do not require exhaustion because the BIA does not have the authority to adjudicate those claims); see also Castro-Garcia v. United States Atty Gen., Nos. 04-12684, 05-13721, 2005 WL 3068097 at *4 (11th Cir. filed Nov. 16, 2005) (noting Sundar's observation that some due process claims do not require exhaustion, stating we have never determined which due process claims require exhaustion and then determining that procedural due process claims, as well as procedural errors argued in due process terms, must be

raised before the BIA and exhausted as those claims involve administratively correctable errors for which the BIA can provide a remedy).

## C.    Constitutional Challenges

This brings us to the last issue in this case: the petitioners' constitutional challenges to § 1158(a)(2)(B)'s one-year time bar for asylum applications.  See 8 U.S.C. § 1158(a)(2)(B).  On appeal, petitioners argue that they have an absolute right to have their asylum claims heard under the Refugee Convention and that the one-year time bar in § 1158(a)(2)(B) violates the Supremacy Clause.  Having concluded that the BIA was without the authority to address the petitioners' constitutional challenge to § 1158(a)(2)(B), we first conclude that the petitioners need not have exhausted their administrative remedies with respect to the claim that § 1158's one-year bar violates the Supremacy Clause.

Although the petitioners need not exhaust their administrative remedies, there is the separate question whether this Court is able to consider their constitutional challenge.  This Court certainly has jurisdiction to review constitutional challenges in immigration cases.  See Gonzalez-Oropeza v. United States Att'y Gen., 321 F.3d 1331, 1333 (11th Cir. 2003); REAL ID Act § 106(a)(1)(A)(iii), 8 U.S.C. § 1252(a)(2)(D).  However, a sub-issue arises whether such constitutional claims require a timely petition for review from the BIA's final order denying asylum, or, is it sufficient that the petitioners filed a timely petition

7

for review from the BIA's denial of their motion for reconsideration? In other words, because the petition for review is timely at least as to one ruling by the BIA, can this Court review petitioners' constitutional claim?

We need not resolve this issue, however, because, even assuming that the petitioners' timely filed petition for review from the BIA's denial of their motion for reconsideration is sufficient to permit this Court to entertain their constitutional claim, that constitutional claim clearly lacks merit. With regard to the Supremacy Clause argument, the petitioners rely on the 1967 Protocol Relating to the Status of Refugees. However, the 1967 Protocol, which incorporates the substantive provisions of the Refugee Convention, is not self-executing. INS v. Stevic, 467 U.S. 407, 428 n.22, 104 S. Ct. 2489, 2500 n.22 (1984); see also Haitian Refugee Ctr., Inc. v. Baker, 949 F.2d 1109, 1110 (11th Cir. 1999). Therefore, the Refugee Convention via the Protocol has no force of law and confers no enforceable rights upon the petitioners in this case. See Haitian Refugee Ctr., Inc., 949 F.2d at 1110. Therefore, any conflict with the Refugee Convention and the INA cannot render the one-year time bar unenforceable against petitioners.[4]

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

[4] Muriel's petition for review also raises for the first time equal protection and substantive due process challenges to the one-year time bar. We do not discuss them because they also clearly lack merit. See Hakeem v. INS, 273 F.3d 812, 816 (9th Cir. 2001) (due process).