[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12794
Non-Argument Calendar

_____

BIA No. A22-537-674

ANTONIO GIOVANNI BATTISTA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 31, 2006)**

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Antonio Giovanni Battista petitions this Court for review of the 2005 Board of Immigration Appeals' (BIA) affirmation of the Immigration Judge's (IJ) 1991 order denying a waiver of inadmissibility under INA § 212(h) and an adjustment of status to permanent resident under INA § 245. The 2005 BIA decision is the result of a procedural seesaw between the IJ and the BIA, the details of which we will explore shortly. To put it simply, Battista argues that the back and forth between the IJ and BIA deprived him of due process. Specifically, Battista argues that the proceedings deprived him of due process of law because: (1) the IJ did not follow the BIA's remand order; (2) the IJ did not consider additional evidence and testimony; (3) the IJ did not give him notice of his right to make representations to the BIA pursuant to 8 C.F.R. § 1003.7 when certifying the case to the BIA; and (4) the BIA failed to explain why it was abandoning its 2002 decision.

## I.

The procedural history in this case spans 24 years. On March 22, 1982 Battista pleaded guilty to three fourth degree felonies under Ohio law: breaking and entering, grand theft of property worth $150 or more, and possession of criminal tools. According to the conviction documents, the counts related to an attempted bank robbery.

Shortly thereafter, on May 13, 1982, the INS initiated deportation proceedings against Battista charging him with deportability under former INA §

2

241(a)(2), 8 U.S.C. § 1251(a)(2) (1982), as an alien who has remained in the United States longer than permitted. In those proceedings, Battista requested adjustment of status under INA § 212(h), 8 U.S.C. § 1182(h) (1982). Under that section, adjustment of status is permitted if exclusion would result in extreme hardship to a relative who is a United States citizen. The IJ denied adjustment of status in June of 1983. About four years later, in October 1987, the BIA remanded the case to the IJ for further proceedings and an entry of a new decision.

After holding three hearings during 1989, the IJ entered a written order on April 11, 1991, finding Battista ineligible for adjustment of status because he failed to show that his exclusion would result in extreme hardship to a United States citizen relative. The IJ considered Battista's relationship with his wife and son, as well as his other family in analyzing his § 212(h) eligibility. The IJ found that Battista and his wife were separated and contemplating divorce and that his relationship with his son would not be substantially changed if Battista were removed to Italy because he had not seen his young son in the two years prior to the hearings. The IJ also noted Battista's volatile and absent relationship with the rest of his family living in the United States. Weighing the "favorable and adverse factors" which are "fairly weighty on both sides of the scale," the IJ exercised discretion to deny § 212(h) relief. The IJ considered the 1982 convictions as

3

adverse factors, but ultimately denied relief because Battista failed to establish the requisite hardship to a qualifying relative as required by § 212(h).

Battista appealed the 1991 decision to the BIA arguing that he did establish the requisite hardship and his case warranted a favorable exercise of discretion. Eight years later, in November of 1999, the BIA dismissed Battista's appeal on the ground that his 1982 convictions rendered him ineligible for § 212(h) relief—a ground that the 1991 decision was not based upon. Battista did not appeal that decision. Instead, about 18 months later he petitioned for reopening and reconsideration of the case. Battista argued that he was eligible for § 212(h) relief in spite of his 1982 convictions and that the IJ originally denied his adjustment of status based on an exercise of its discretion. Switching positions, the BIA agreed that Battista was not necessarily ineligible for § 212(h) relief as a result of his prior convictions and remanded the case to the Cleveland immigration court for a determination of whether he should be granted § 212(h) relief despite the convictions.

In August of 2002, on Battista's request to change venue, the case was transferred to the Atlanta immigration court. During 2003 and 2004, Battista appeared before the Atlanta IJ several times and submitted documentation in support of his § 212(h) waiver application as well as an application for adjustment of status to permanent resident.

4

On April 1, 2004, the IJ certified the case back to the BIA explaining that the case had been remanded for consideration of a legal premise that had no basis in the facts of the case. The IJ pointed out the BIA's 2002 remand order incorrectly contemplated that the 1991 decision was based on Battista's prior convictions. Instead, the IJ pointed out that the 1991 decision was actually based on the finding that it would be inappropriate to exercise discretion in favor of Battista because he had failed to show extreme hardship to a qualifying relative who was a United States citizen. The IJ noted that Battista's ineligibility as a result of his convictions was an issue raised for the first time in the BIA's 1999 order. Having realized the error in that order, the IJ certified the case to the BIA.

On April 19, 2005, after reviewing Battista's case and the underlying appeal from the 1991 decision, the BIA found that Battista was afforded a full opportunity to establish eligibility for § 212(h) relief in 1991, notwithstanding his convictions. The BIA adopted and affirmed the IJ's April 11, 1991 decision denying § 212(h) relief as a matter of discretion for the reasons set forth in the decision.

## II.

We review Battista's due process challenge de novo. Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 (11th Cir. 2003). Aliens present in the United States are entitled to due process under the Fifth Amendment of the Constitution. Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1311 (11th Cir. 2001). In

5

order to prevail on due process challenges, an alien must establish that he was deprived of liberty without due process of law, and that the error caused him substantial prejudice. Gonzalez- Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1333 (11th Cir. 2003). Due process requires notice and an opportunity to be heard in removal proceedings. Sebastian-Soler v. U.S. Att'y Gen., 409 F.3d 1280, 1287 n.14 (11th Cir. 2005), cert. denied sub nom., Sebastian v. Gonzales, (126 S. Ct. 1662, Apr. 3, 2006). However, "aliens do not enjoy a constitutionally protected liberty interest in a purely discretionary form of relief." Garcia v. U.S. Att'y Gen., 329 F.3d 1217, 1224 (11th Cir. 2003).

Battista's due process challenge fails. Because relief under § 212(h) is purely discretionary, Battista has no liberty interest in being granted relief under that section. Garcia, 329 F.3d at 1224. Therefore, Battista must establish that he was deprived of notice or an opportunity to be heard. The asserted procedural errors did not deprive Battista of notice or an opportunity to be heard, and even if they had, he could show no substantial prejudice as a result.

The BIA's 1999 decision and 2002 remand order were based on a misunderstanding of the basis of the IJ's 1991 decision to deny relief, relief that Battista has no right to have granted. The BIA's 2005 decision to reinstate the 1991 IJ decision denying the discretionary relief cannot be a violation of Battista's due process rights.

6

Battista was not deprived of notice and an opportunity to be heard. He argues that the IJ's failure to comply with the BIA's remand order violated his due process rights, but Battista has no right to the benefit of an error of law committed by the BIA.

On another point, Battista contends that by not considering additional documentation, the IJ deprived him of due process. Battista submitted numerous documents in support of his claim following the BIA's 2002 remand order. Consideration of those documents and related testimony was not necessary after the IJ determined that the BIA had remanded the case based on a misunderstanding of the IJ's earlier order. Having determined that the legal basis on which the case was remanded was mistaken, the IJ was not required to consider the additional evidence and testimony. See INS v. Bagamasbad, 429 U.S. 24, 25, 97 S. Ct. 200, 201 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Battista's third contention is that the IJ failed to follow the proper procedure for certification as required under 8 C.F.R. § 1003.7. Under that section (1) a case can only be certified after an initial decision has been made and before an appeal has been taken and (2) the certification must be accompanied by a notice to the parties that they may make representations to the board, request oral argument and submit a brief. Id. That provision permits notice of certification to be included in

7

the IJ's decision, and if it is, no further notice is required. Id. Battista contends that no final decision was made after remand and he did not receive the requisite notice.

The IJ did make a final decision regarding the basis of the 1991 decision and also incorporated notice of the certification into his decision. The IJ did not, however, inform Battista of his right to make representations before the BIA as required by § 1003.7. This oversight did not deprive Battista of an opportunity to be heard. Battista was informed that he had the right to appeal the IJ's decision, and he submitted nothing in response. Not only that, but Battista had previously submitted arguments to the BIA on the merits of the 1991 decision. After the 1991 decision, Battista was informed of his right to request oral argument but chose not to do so. In this situation, he did not have an absolute due process right to make further representations before the BIA. See 8 C.F.R. § 1003.1(c) ("The Board in its discretion may review any such case by certification without regard to the provisions of § 1003.7 if it determines that the parties have already been given a fair opportunity to make representations before the Board regarding the case, including the opportunity [to] request oral argument and to submit a brief.").

Battista's final contention is that the BIA failed to explain why it was abandoning its 2002 decision and affirming the 1991 IJ decision. That asserted error is not relevant to whether Battista was given notice and an opportunity to be

8

heard in his proceedings. The BIA was distracted by Battista's convictions, but that does not mean that he did not get due process. The bottom line is that Battista's due process rights did not require that the BIA perpetuate a mistake rather than fix it.

We understand that in the years since the 1991 decision Battista has married an American citizen and has had two children who are also American citizens. Those events do not change the fact that Battista has been afforded due process of law, and the fact that the IJ and the BIA, acting in their discretion have found him ineligible for § 212(h) relief. Battista does not challenge the merits of the 1991 decision that was adopted by the BIA.

After review of the administrative record and consideration of the parties' briefs, the **PETITION FOR REVIEW** is **DENIED**.