[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 13, 2003
THOMAS K. KAHN
CLERK

_____

No. 02-13490

_____

INS Docket No. A27-707-259

CORALIA PATRICIA GARCIA,

Petitioner,

versus

ATTORNEY GENERAL OF THE UNITED STATES,
IMMIGRATION AND NATURALIZATION SERVICE,

Respondents.

_____

Appeal from A Final Decision of
the Board of Immigration Appeals

_____

(March 13, 2003)

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

Coralia Garcia, through counsel, appeals the Board of Immigration

Appeals's ("BIA's") affirmance without opinion ("AWO") of the IJ's order

denying her a waiver of excludability pursuant to § 212(h) of the Immigration and

Nationality Act ("INA"), 8 U.S.C. § 1182(h). On appeal, Garcia argues that we retain jurisdiction to review the denial of relief because § 309(c)(4)(G) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996) ("IIRIRA"), does not preclude review of her claims because the INS did not charge her with inadmissibility under INA § 212(a)(2); rather, she was charged with deportability under § 241(a)(2)(A)(i). She further claims that § 309(c)(4)(E), the provision barring judicial review of discretionary decisions under INA § 212(h), does not preclude review of her claims because she does not challenge the discretionary portion of the IJ's decision. On the merits, Garcia argues that the IJ applied an erroneous legal standard in determining her credibility. She further asserts that the BIA violated her due process rights by issuing an AWO because her appeal did not fit the criteria for an AWO. Finally, she claims that her due process rights were violated as a result of her prior counsel's ineffective assistance because he failed to properly document her application for relief.

We review subject matter jurisdiction de novo. Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). Garcia's deportation proceedings were pending on or before April 1, 1997, and the final order of deportation was entered more than 30 days after September 30, 1996, therefore, IIRIRA's transitional rules

2

apply.  See IIRIRA § 309(c)(1) & (4); <u>Al Najjar v. Ashcroft</u>, 257 F.3d 1262, 1276 (11th Cir. 2001); <u>Lettman v. Reno</u>, 168 F.3d 463, 464 (11th Cir.), <u>vacated in part</u>, 185 F.3d 1216 (1999).

For cases falling under the transitional rules, the former 8 U.S.C. § 1105a, in conjunction with enumerated subsections in IIRIRA § 309(c)(4), govern judicial review.  See IIRIRA § 309(c)(4).  Of pertinence to this appeal, IIRIRA § 309(c)(4)(G) restricts judicial review over deportation orders for certain criminal aliens as follows:

> there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section 212(a)(2) or section 241(a)(2)(A)(iii), (B), (C), or (D) of the [INA] (as in effect as of the date of the enactment of this Act [Sept. 30, 1996]), or any offense covered by section 241(a)(2)(A)(ii) of such Act (as in effect on such date) for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 241(a)(2)(A)(i) of such Act [crimes of moral turpitude] (as so in effect).

IIRIRA § 309(c)(4)(G).

Despite the application of the jurisdictional bar under IIRIRA §§ 309(c)(4)(G), we have interpreted this section and its counterpart in the IIRIRA permanent rules, 8 U.S.C. §§ 1252(a)(2)(C), as allowing room for some judicial review of removal orders entered against criminal aliens.  See <u>Lettman</u>, 168 F.3d

3

at 464-65; Galindo-Del Valle v. Attorney General, 213 F.3d 594, 598-99 (11th Cir. 2000), cert. denied, 533 U.S. 949 (2001). We have jurisdiction to determine whether Garcia is an alien who is inadmissible based on her commission of a covered offense. See IIRIRA § 309(c)(4)(G); cf. Fernandez-Bernal, 257 F.3d at 1308.

Before IIRIRA, aliens who had not made an entry into the United States were charged with grounds of exclusion under INA § 212(a) and placed into exclusion proceedings under former section 236 of the INA, 8 U.S.C. § 1226 (1996). Aliens who had made an entry were charged with grounds of deportation under former INA § 241 and placed into deportation proceedings under former INA § 242B, 8 U.S.C. § 1252b (1996). See generally Landon v. Plasencia, 459 U.S. 21, 25-27, 103 S.Ct. 321, 325-26, 74 L.Ed.2d 21 (1982) (discussing differences between exclusion and deportation proceedings under the former INA). The INS initiated the proceedings against Garcia by charging her with grounds of deportation, not exclusion, presumably because she had entered the United States.

Also prior to IIRIRA, INA § 212(a)(2) generally rendered excludable an alien convicted of, who admits having committed, or who admits acts which constitute the essential elements of a crime of moral turpitude. See 8 U.S.C.

4

§ 1182(a)(2) (1996). Likewise, former INA § 241(a)(2)(A)(i) rendered deportable an alien convicted of a crime of moral turpitude, which was committed within five years of entry and for which the alien was sentenced to confinement of a year or more. See 8 U.S.C. § 1251(a)(2)(A)(i) (1996). IIRIRA replaced the term "excludable" with "inadmissible." See IIRIRA § 308(d). While IIRIRA § 309(c)(4)(G) restricts judicial review of aliens inadmissible by reason of having committed an offense covered in INA § 212(a)(2), it does not restrict review of aliens deportable for one crime of moral turpitude under former INA § 241(a)(2)(A)(i). The issue presented here is whether IIRIRA § 309(c)(4)(G) is implicated where the INS charged Garcia with deportability for a crime of moral turpitude pursuant to § 241(a)(2)(A)(i), and the IJ ordered Garcia deported on that ground, but the IJ also found Garcia statutorily ineligible for an adjustment of status because she was inadmissible under INA § 212(a)(2). (See AR at 56); INA § 245, 8 U.S.C. § 1255 (1995) (alien's status may be adjusted if she is admissible to the United States).

Fernandez-Bernal, decided under the IIRIRA permanent rules and relied upon by the Attorney General ("AG"), is distinguishable. There, this Court held that it lacked jurisdiction to review an alien's petition seeking review of a removal order because the alien had "admit[ted] to committing" an offense covered under

INA § 212(a)(2), notwithstanding that the INS had charged him with being "convicted of" an offense covered by INA § 212(a)(2). See Fernandez-Bernal, 257 F.3d at 1309-10. The Court reasoned that the alien was charged under INA § 212(a)(2) and that he had notice and an opportunity to be heard on the charge, and concluded that the alien "was in fact removable" under INA § 212(a)(2). Id. & 1311 n.8. Unlike in Fernandez-Bernal, Garcia was not charged on a ground that triggers the jurisdictional bar.

Given that Garcia was given notice both of the crime upon which the INS was seeking deportation, and the classification of that crime as one involving moral turpitude, it appears that IIRIRA § 309(c)(4)(G) has been triggered in this case. In denying Garcia an adjustment of status, the IJ expressly found her inadmissible under INA § 212(a)(2). In a similar case, the First Circuit held that IIRIRA § 309(c)(4)(G) divested it of jurisdiction to review an alien's petition for review, where the alien was charged on deportation grounds that did not trigger the bar but, at a hearing on his adjustment-of-status application, admitted committing acts covered by INA § 212(a)(2). See Ruckbi v. INS, 159 F.3d 18, 19-21 (1st Cir. 1998). Applying the bar to Garcia's petition would not appear to raise due-process concerns because, like the alien in Fernandez-Bernal, Garcia has had an opportunity to contest her inadmissibility under INA § 212(a)(2).

6

The record indicates that Garcia is an alien who was convicted of the crime of aggravated child abuse, in violation of §§ 827.03(1)(3) and 784.045(1) of the Florida Statutes. "Moral turpitude" has been defined by this Court as involving, "baseness, vileness, or depravity." Itani v. Ashcroft, 298 F.3d 1213, 1215 (11th Cir. 2002). Whether a crime is one of moral turpitude depends on the inherent nature of the offense, rather than a particular individual's conduct. Id. at 1215-16. Under Florida law, aggravated child abuse occurs when a person (a) commits an aggravated battery on a child; (b) willfully tortures a child; (c) maliciously punishes a child; or (d) willfully and unlawfully cages a child. Florida Stat. § 827.03(1) (1990). Although this Court has not spoken squarely on this issue, the Ninth Circuit has held that child abuse constitutes a crime involving moral turpitude. See Guerrero de Nodahl v. INS, 407 F.2d 1405, 1406-07 (9th Cir. 1969) (inflicting cruel corporal punishment or injury upon a child is so offensive to American ethics as to end the debate of whether moral turpitude was involved in the crime of child beating). Based upon the inherent nature of the crime of aggravated child abuse, Garcia has committed a crime of moral turpitude, and is therefore inadmissible based upon her conviction for that crime.

Also, in construing the bar in the IIRIRA permanent rules, this Court has determined that, if the bar applies, it nonetheless retains jurisdiction to consider

7

constitutional challenges to the INA or any other "substantial constitutional issues" arising out of the alien's removal proceedings. See Galindo-Del Valle, 213 F.3d at 598-99. Likewise, the Court has indicated that it retains jurisdiction to consider substantial constitutional claims in a petition for direct review of an immigration decision covered by the transitional rules. See Farquharson v. United States Attorney General, 246 F.3d 1317, 1322 (11th Cir. 2001) (Court reached the merits of the deportation order, then indicated it could review substantial constitutional claims, noting in dicta that IIRIRA § 309(c)(4)(G) does not foreclose constitutional challenges).

However, where a constitutional claim has no merit, the Court does not have jurisdiction. See Brooks at 1272-73. In order to establish a due process violation, an alien must show that he or she was deprived of liberty without due process of law, see Mathews v. Diaz, 426 U.S. 67, 77, 96 S.Ct. 1883, 1890, 48 L.Ed.2d 478 (1976), and that the asserted error caused him substantial prejudice, see Ibrahim v. U.S.I.N.S., 821 F.2d 1547, 1550 (11th Cir. 1987). Garcia claims to raise three constitutional challenges which avoid the jurisdictional bar.

First, Garcia alleges that the IJ applied an incorrect legal standard because he relied upon facts not in the record and engaged in "impermissible speculation." However, Garcia does not specify what legal standard was used incorrectly, nor

8

does she state what standard she proposed to be correct. Instead, she attempts to frame what is essentially a challenge to the IJ's assessment of her credibility as "pure question of law." What Garcia is truly arguing is that the IJ's finding was not supported by evidence in the record, which is not reviewable by this Court as an exception to the jurisdictional bar.

Based upon the foregoing analysis of her claim regarding the allegedly incorrect legal standard, Garcia's claim that the BIA violated her due process rights by issuing an AWO is also without merit. Garcia argues that she raises a substantial constitutional question because she claims that the BIA violated her due process rights by granting an AWO, although her appeal was not suitable for the AWO procedure. Pursuant to 8 C.F.R. § 3.1(a)(7), a single member of the BIA may affirm, without opinion, the decision of the IJ if that Board member determines that the result was correct and that any errors were harmless and immaterial, and that (A) the issue on appeal is squarely controlled by existing precedent; and (B) the factual and legal questions raised are so insubstantial that three-member review is not warranted. 8 C.F.R. § 3.1(a)(7)(ii). Such an order does not necessarily imply approval of all of the reasoning of the IJ's decision, but does signify that any errors were harmless or immaterial. See id. § 3.1(a)(7)(iii). The decision of the IJ becomes the final agency decision. 8 C.F.R. § 3.1(a)(7)(iii).

As we stated in a recently-published opinion, there is no entitlement to a full opinion by the BIA. See Gonzalez-Oropeza v. U.S. Attorney General, No. 02-12706 (11th Cir. February 19, 2003). Therefore, where a case falls within the requirements of § 3.1(a)(7), there is no due process violation as a result of the issuance of an AWO. Id.

Contrary to Garcia's claim, there was no substantial legal issue presented to the BIA on appeal. Rather, Garcia presented a solely factual challenge to the IJ's findings. Her brief to the BIA stated that the IJ erred in evaluating the factors involved in her case and erroneously included, "non-existent adverse factors . . . brought by the judge to over-balance the positive factors present." This is far from a legal argument regarding the application of an incorrect legal standard. Rather, it is merely a challenge to the IJ's credibility determination. As such, a resolution of Garcia's appeal fell squarely within BIA precedent and there were no substantial legal issues raised by Garcia which precluded issuance of an AWO. This case fell squarely within the requirements of § 3.1(a)(7) and was appropriate for AWO. Therefore, Garcia's claim that the issuance of the AWO was a constitutional violation is without merit.

Finally, Garcia claims that her counsel at the hearing was ineffective because he failed to submit proper documentation of her claims in the form of

adoption records and business information to support Jorge's claims that his family business would be forced to close. She also claims that, to the extent that she failed to exhaust any of her claims presented to this Court, that was due to the ineffective assistance of her counsel on appeal.

Aliens have the right to effective assistance of counsel at deportation proceedings. Mejia-Rodriguez v. Reno, 178 F.3d 1139, 1146 (11th Cir. 1999). To establish ineffective assistance of counsel in the context of a deportation hearing, an alien must show that counsel's performance was so deficient that it impinged upon the fundamental fairness of the proceedings. Id. As noted in Mejia-Rodriguez, there is disagreement between the circuits as to whether a petitioner must exhaust his or her ineffective assistance of counsel argument before the BIA before presenting it to this Court. Id. at 1144 n. 4. However, as in Mejia-Rodriguez, the Court need not resolve this issue because Garcia's ineffective assistance claim is without merit.

In Mejia-Rodriguez, this Court held that an attorney's deficient representation does not deprive an alien of due process if the deficient representation merely prevents the alien from being eligible for suspension of deportation, because suspension of deportation is a discretionary decision. Id. at 1148. In the present case, Garcia alleges that her counsel's alleged ineffective

11

assistance in not properly documenting her claim led to the IJ's denial of her waiver of excludability. She attempts to distinguish Mejia-Rodriguez on the grounds that she is married to a citizen and has a citizen child, and therefore has a greater expectancy interest in remaining in the United States. Mejia-Rodriguez, on the other hand, sought suspension of deportation under § 244 of the INA, but did not have a qualifying relative and therefore sought an "act of grace." Mejia-Rodriguez at 1147. This Court's holding in Mejia-Rodriguez is not distinguishable on that ground. This Court clearly held that the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest. Id. at 1146. Waiver of excludability under § 212(h), while guided by interpretive decisions, remains a purely discretionary form of relief, and under Mejia-Rodriguez, aliens do not enjoy a constitutionally protected liberty interest in a purely discretionary form of relief. Id. at 1147; Balogun v. U.S. Attorney General, 304 F.3d 1303, 1310-11 (11th Cir. 2002); Oguejiofor v. Attorney General, 277 F.3d 1305, 1309 (11th Cir. 2002).

We conclude that we do not have jurisdiction to consider the petition for review, and therefore the Attorney General's motion to dismiss is hereby GRANTED.