[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 1, 2006
THOMAS K. KAHN
CLERK

Nos. 05-16603 & 06-10960
Non-Argument Calendar

_____

BIA No. A96-295-179

SULAM SIDHWANI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 1, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Sulam Sidhwani, through counsel, petitions for review of the Board of Immigration Appeals' ("BIA's") decisions (1) affirming an Immigration Judge's ("IJ's") order denying Sidhwani's motion to reopen removal proceedings, and (2) denying Sidhwani's motion for reconsideration of the BIA's decision affirming the denial of Sidhwani's motion to reopen. We deny the petitions.

I.

Sidhwani, a native and citizen of Pakistan, was admitted to the United States in May of 1999 as a nonimmigrant, with authorization to remain until November 29th of that year. In February of 2003, he was issued a Notice to Appear ("NTA") that charged him with being removable for remaining in the United States beyond his authorization, and for failing to maintain or comply with the conditions of the nonimmigrant status under which he was admitted, all in violation of the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1227(a)(1)(B), (C)(i). At a May 2003 hearing, Sidhwani conceded all allegations against him in the NTA, except for an allegation of unauthorized employment. However, he later requested a continuance of his removal hearing because he had a pending application for labor certification. An IJ denied the request, finding that the pending application for labor certification did not constitute good cause for a continuance, *see* 8 C.F.R. § 1003.29, because adjustment of status relief was speculative and because granting relief would reward those who did not seek to have their prospective

2

employer obtain a visa for them before their arrival. On January 29, 2004, the IJ granted Sidhwani's request for voluntary departure in lieu of removal, with a departure deadline of March 29, 2004, and imposed an alternate order of removal to Pakistan.[1]

Sidhwani did not appeal the IJ's decision to the BIA, but rather filed a motion to reopen with the IJ on March 9, 2005, almost a year after his voluntary departure deadline had passed. He argued that: (1) the denial of his request for a continuance (based upon the pending labor certification) was improper; (2) he had new relief available in the form of a pending I-140 petition filed on his behalf; and (3) the addition of INA § 245(i), 8 U.S.C. § 1255(i), which allows certain aliens physically present in the United States to apply for adjustment of status based, *inter alia*, on an application for labor certification, was an "exceptional circumstance" excusing his failure to depart voluntarily. The government opposed Sidhwani's motion, arguing that it was untimely and filed for no reason other than to frustrate his removal, and that adjustment of status relief was speculative because Sidhwani's I-140 petition was merely pending.[2] The government also argued that Sidhwani had no regard for U.S. immigration laws, because he had

---

[1] Although the record is unclear, it appears that Sidhwani may have again requested a continuance at the hearing on January 29, 2004, because he then had an I-140 employment-based visa petition pending. According to Sidhwani, the request was denied.

[2] In an emergency motion for a stay of removal pending adjudication of the motion to reopen, however, Sidhwani attached a document indicating that his I-140 petition had been approved.

overstayed his original visa, engaged in unauthorized employment, failed to post a bond, and stayed beyond his voluntary departure date.

The IJ issued a written order denying the motion to reopen, explaining that: (1) Sidhwani's motion to reopen was filed beyond the 90-day deadline for such motions, *see* 8 C.F.R. § 1003.23(b)(1); (2) Sidhwani had failed to leave the United States voluntarily by his departure date, and was therefore ineligible for adjustment of status relief for 10 years, *see* 8 U.S.C. § 1229c(d)(1)(B); *In re Shaar*, 21 I. & N. Dec. 541 (BIA 1996) (en banc); (3) the government opposed the motion to reopen; and (4) Sidhwani had failed to present exceptional circumstances warranting relief, *see In re J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997) (en banc). Although Sidhwani invoked *In re Velarde-Pacheco*, 23 I. & N. Dec. 253 (BIA 2002) (en banc) (explaining that a motion to reopen to apply for adjustment of status, pending approval of an I-130 visa petition, may be granted provided that certain criteria are met), the IJ distinguished *Velarde-Pacheco* on the grounds that the motion to reopen in that case was timely filed, and the case involved an adjustment of status based on marriage, not employment.

Sidhwani appealed to the BIA, arguing that the IJ erred in denying his motions for a continuance and to reopen, because: (1) Sidhwani had demonstrated a prima facie case for relief; (2) INA § 245(i) allows the beneficiary of an immigrant visa petition or labor certification application filed before April 30,

4

2001, to apply for an adjustment of status without leaving the United States; (3) *Velarde-Pacheco* shows that removal proceedings can be reopened where an alien shows he is eligible for an adjustment of status; and (4) under *Azarte v. Ashcroft*, 394 F.3d 1278 (9th Cir. 2005), the voluntary departure period can be tolled while a motion to reopen is pending. On November 2, 2005, the BIA dismissed Sidhwani's appeal for several reasons. First, the BIA found that it lacked jurisdiction to consider Sidhwani's appeal regarding the IJ's denial of his motion for a continuance, because Sidhwani had failed to appeal that decision. Second, the BIA declined to apply *Azarte* outside the Ninth Circuit, and noted that, unlike the petitioner in *Azarte*, Sidhwani had not filed his motion to reopen *during* his voluntary departure period. *See Azarte*, 394 F.3d at 1289. Finally, the BIA stated it would not address Sidhwani's claim that *Velarde-Pacheco* should extend beyond family-based visa petitions to labor-based visa petitions. The IJ's denial of Sidhwani's motion to reopen, the BIA concluded, was appropriate.

Several weeks later, Sidhwani filed with the BIA a motion to reconsider the BIA's decision affirming the denial of Sidhwani's motion to reopen. He argued that the BIA had erred in refusing to address his claim that *Velarde-Pacheco* should apply to labor-based visa petitions, and in declining to apply *Azarte* without sufficient explanation. Sidhwani emphasized that the record contained no evidence that he was admonished by an IJ for failing to depart voluntarily, and requested

5

that the BIA "exercise its equitable tolling power and reinstate the voluntary departure or extend it pursuant to its regulatory and statutory power . . . ." The BIA denied the motion to reconsider, stating that Sidhwani's motion to reopen had been found untimely filed by the IJ, and that under Eleventh Circuit law, the filing deadline for a motion to reopen under 8 C.F.R. § 1003.2(c)(2) is mandatory and jurisdictional. *See Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1150 (11th Cir. 2005) (per curiam). The BIA also reaffirmed its earlier refusal to apply *Azarte*, and stated that it (the BIA) had "no authority to grant extensions of voluntary departure," citing 8 C.F.R. § 1240.57. Sidhwani now petitions for review of the BIA's decisions affirming the denial of his motion to reopen and denying his motion to reconsider.

## II.

On appeal, Sidhwani contends that the BIA erred because: (1) the BIA should have considered INA § 245(i) an exception to the 90-day time limit on the filing of motions to reopen; (2) the BIA should have remanded the case for a factual determination on whether it presented extraordinary circumstances warranting reopening; and (3) the BIA's refusal to reopen Sidhwani's case deprived him of due process.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).

6

We review the denial of motions to reopen and for reconsideration for an abuse of discretion. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (per curiam) (motion to reopen); *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1340-41 (11th Cir. 2003) (motion to reconsider). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Abdi*, 430 F.3d at 1149 (internal quotes and citation omitted). To the extent Sidhwani claims the BIA's actions deprived him of due process, however, our review is de novo. *See Ali*, 443 F.3d at 808.

"Motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of a deportable alien who wishes merely to remain in the United States." *Abdi*, 430 F.3d at 1149 (internal quotes and citation omitted). An alien may file one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(6)(A), (B) (2004); *id.* § 1229a(c)(7)(A), (B) (2005). Subject to certain exceptions set forth in the statute and regulations, "the motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." *Id.* § 1229a(c)(6)(C)(i) (2004); *id.* § 1229a(c)(7)(C)(i) (2005); *see also* 8 C.F.R. §§ 1003.2(c)(2), 1003.23(b) (2005). As for a motion to reconsider filed with the BIA, it must, *inter alia*,

7

"specify the errors of law or fact in the previous order" and "be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C) (2005); *see also* 8 C.F.R. § 1003.2(b)(1) (2005).

In the instant case, the record indicates that the IJ, when granting Sidhwani's request for voluntary departure with a deadline of March 29, 2004, also entered an alternate order of removal to Pakistan. *See* 8 C.F.R. § 1240.26(d) (2004). Sidhwani does not dispute that this order of removal became final upon the overstay of his voluntary departure period. *See id.* § 241.1(f) (2004), *id.* § 1241.1(f) (2005). Nor does he dispute that he filed his motion to reopen far outside the 90-day limit, on March 9, 2005, and that the motion does not fall within any listed exception. Rather, Sidhwani contends that the 90-day limitation should not apply because his failure to depart was not "voluntary," and was merely due to the fact that he seeking to achieve an adjustment of status under INA § 245(i), 8 U.S.C. § 1255(i). He notes that the Ninth and Second Circuits have applied equitable tolling to the 90-day limit on filing a motion to reopen before the BIA. *See Socop-Gonzales v. INS*, 272 F.3d 1176, 1190 (9th Cir. 2001) (en banc) ("[W]e conclude that the filing deadline for motions to reopen is subject to equitable tolling."); *Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000) ("Because there is no evidence that Congress intended to enact a jurisdictional bar to untimely motions to reopen, the limitations period for such motions may be equitably tolled to

8

accommodate claims of ineffective assistance of counsel."). In *Abdi*, however, this Circuit held that the BIA did not abuse its discretion when it denied a petitioner's untimely motion to reopen, because the 90-day limit was "mandatory and jurisdictional, and . . . not subject to equitable tolling." 430 F.3d at 1150. Indeed, the BIA recognized as much in its opinion denying Sidhwani's motion to reconsider the decision affirming the IJ's denial of his motion to reopen. Although Sidhwani also claims that his case presents "exceptional circumstances," he concedes that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), which is applicable to his case, eliminated that exception to the imposition of certain penalties on an alien who overstays his voluntary departure deadline. *See* 8 U.S.C. § 1229c(d) (describing civil penalties imposed on an alien who fails to depart voluntarily by his deadline); *Ugokwe v. U.S. Att'y Gen.*, 11th Cir. 2006, __ F.3d at __ n.5, slip op. at 2843 n.5 (No. 05-15237, June 28, 2006) ("IIRIRA specifically excised statutory language in the INA that stated that 'any alien allowed to depart voluntarily . . . who remains in the United States after the scheduled date of departure, other than *because of exceptional circumstances*, shall not be eligible for . . . relief . . . .'") (quoting 8 U.S.C. § 1252b(e)(2)(A) (1994)).[3]

_____

[3] Sidhwani further claims that the provisions of 8 U.S.C. § 1255(i), which authorize an adjustment of status for certain aliens physically present in the United States, "trump" the penalties imposed under § 1229c(d), including a 10-year period of ineligibility for relief. We need not reach the merits of this claim, because the untimeliness of Sidhwani's motion to reopen provides sufficient support for the BIA's decisions affirming the IJ and denying Sidhwani's motion for reconsideration. Notably, *Ugokwe* holds that "the *timely* filing of a motion to reopen tolls the period of voluntary

Given our holding in *Abdi*, the BIA did not abuse its discretion when, in the course of affirming the IJ's denial of Sidhwani's motion to reopen, and denying his motion to reconsider, the BIA did not toll the 90-day limit on a motion to reopen.

Sidhwani also contends that the BIA should have remanded his case for a factual determination on whether his case presented "extraordinary circumstances" warranting reopening, because regulations state that the BIA "will not engage in factfinding in the course of deciding appeals." 8 C.F.R. § 1003.1(d)(3)(iv). Sidhwani does not identify the alleged "factfinding" of which he complains, however, and this argument therefore fails to persuade.[4]

Finally, Sidhwani claims that the BIA violated his due process rights by failing to address why the 90-day time limit on motions to reopen should not be equitably tolled, in that he "could not help that his case was approved" after the 90-day limit on the filing of a motion to reopen had passed. As explained above, however, the BIA noted in its opinion denying Sidhwani's motion to reconsider that the deadline for filing a motion to reopen is "mandatory and jurisdictional,"

departure pending the resolution of the motion to reopen." __ F.3d at __, slip op. at 2846 (emphasis added). Unlike the petitioner in *Ugokwe*, Sidhwani did not file a *timely* motion to reopen.

[4] Sidhwani further asserts that a three-member BIA panel should have convened to decide the appeal on his motion to reopen (which was disposed of by a single BIA member), but does not explain why. We reject this conclusory assertion, and note we have previously held that "under the regulations, no entitlement to a full opinion by the BIA exists." *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1342 (11th Cir. 2003) (per curiam); *see* 8 C.F.R. § 1003.1(e)(5).

10

thereby indicating that equitable tolling was unavailable. *See Abdi*, 430 F.3d at 1150. Even if the BIA had not done so, Sidhwani still would not have established a due process violation. "To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice." *Lonyem*, 352 F.3d at 1341-42. Generally, an IJ and the BIA have discretion to grant or deny a motion to reopen–and may deny the motion even if the moving party has made a prima facie case for relief. *See* 8 C.F.R. §§ 1003.2(a); 1003.23(b)(3).[5] Similarly, the decision to adjust an alien's status ultimately lies within the discretion of the Attorney General. *See* 8 U.S.C. § 1255(a). "[T]he failure to receive relief that is purely discretionary in nature does not amount to deprivation of a liberty interest." *Garcia v. Att'y Gen.*, 329 F.3d 1217, 1224 (11th Cir. 2003) (per curiam).

### III.

Sidhwani filed his motion to reopen after the mandatory and jurisdictional 90-day time limitation for doing so had expired, and he did not demonstrate in his motion for reconsideration that the BIA had committed an error of law or fact in affirming the IJ's denial of his motion to reopen. Thus, the BIA did not abuse its

---

[5] Likewise, the decision to grant or deny a motion to reconsider is within the BIA's discretion. 8 C.F.R. § 1003.2(a).

discretion in affirming the IJ's decision denying Sidhwani's motion to reopen, or in denying his subsequent motion for reconsideration. Nor did the BIA's actions deprive Sidhwani of due process. Accordingly, we deny his petitions.

**PETITIONS DENIED.**