[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 15, 2006
THOMAS K. KAHN
CLERK

No. 05-16239
Non-Argument Calendar
_____

Agency Nos. A79-466-098
A79-466-099

FLOR MARIA MENESES-ALVAREZ,
FELIPE GONZALEZ-MENESES,
LUIS ARTURO GONZALEZ-PRADO,
a.k.a. Jorge Reyes Lora,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 15, 2006)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Flor Maria Meneses-Alvarez, Luis Gonzalez-Prado, and their son, Felipe Gonzalez Meneses, seek review of the Board of Immigration Appeal's decision affirming the Immigration Judge's order finding them removable and denying their application for asylum and withholding of removal under the Immigration and Nationality Act, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment (CAT).  See 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c).

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  Here, the BIA issued its own decision, so we review that.

We review a legal challenge to the BIA's decision de novo.  Mohammed v. Ashcroft, 261 F.3d 1244, 1247–48 (11th Cir. 2001).  We review the BIA's factual determinations under the substantial evidence test and affirm its decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation marks and citation omitted).  The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch."  Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001) (quotation marks omitted).  "To reverse the [BIA's] fact findings, we must find that the record

2

not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

"Credibility determinations likewise are reviewed under the substantial evidence test." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004). "A credibility determination, like any fact finding, may not be overturned unless the record compels it." Forgue, 401 F.3d at 1287 (quotation marks and citations omitted). Adverse credibility determinations must be made explicitly. See Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287 (citations omitted). "[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application" when there is no other evidence of persecution. Id. However, an adverse credibility determination does not dispel the IJ's duty to consider other evidence produced by the asylum applicant. Id. "The weaker an applicant's testimony, . . . the greater the need for corroborative evidence." Yang, 418 F.3d at 1201.

Here, the IJ expressly made an adverse credibility determination, and the BIA affirmed it. The IJ found that the petitioners offered inconsistent testimony regarding the date of an alleged incident in which the FARC threatened Meneses-

3

Alvarez after a political meeting. The BIA agreed with the IJ that this was a significant inconsistency and that it created doubt about whether the incident actually occurred, especially since there was no police report. During the encounter, the FARC allegedly demanded that Meneses-Alvarez stop her political activities or her son would be kidnapped. The record supports the finding that the incident was the first and primary encounter that Meneses-Alvarez had with the FARC and that she and her husband provided inconsistent testimony regarding the date when it occurred.

The petitioners also argue that the BIA erred in finding that they were not persecuted on account of Meneses-Alvarez's political opinion and that, as a result, they were not eligible for asylum. An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). Asylum may be granted if the alien meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1)(A). A "refugee" is:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Al Najjar, 257 F.3d at 1284.

To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); see Al Najjar, 257 F.3d at 1287. The applicant is required "to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of [a statutory factor]." Id. at 1287 (quotation marks and citation omitted).

"[P]ersecution on account of . . . political opinion . . . is persecution on account of the victim's political opinion, not the persecutor's." INS v. Elias-Zacarias, 502 U.S. 478, 482, 112 S. Ct. 812, 816 (1992) (quotation marks omitted). It is not enough for an asylum applicant to show that he has a political opinion; he must show that he was persecuted because of that opinion. Id. at 483, 112 S. Ct. at 816. "It is not enough to show that [the applicant] was or will be persecuted or tortured due to [his] refusal to cooperate with the guerillas." Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004).

In this case, substantial evidence supports the BIA's and IJ's finding that the petitioners failed to establish a nexus between the harm suffered and Meneses-Alvarez's political opinion. Gonzalez-Prado's testimony from his credible fear interview suggests that the petitioners were targeted because they would not comply with the FARC's extortionate demands, rather than as a result of a political

5

opinion. The documentary evidence in the record does not compel the conclusion that they were targeted because of Meneses-Alvarez's membership in and activities in support of the Liberal Leftist Party because the police reports Gonzalez-Prado filed indicated that the motive for the threats was extortion. Other than her initial encounter with FARC, the incidents about which Meneses-Alvarez testified appeared to have been motivated by the FARC's need for resources (including food and radios), extortion, and the desire to recruit her son, rather than being based on her political connections and activities. Also, the 2001 U.S. Department of State Country Report on Human Rights Practices for Colombia stated that guerrillas often targeted those who refused to submit to recruitment or extortion.

Thus, the evidence in the record supports the conclusion that the harm the petitioners suffered was motivated by the guerrillas' desire for financial gain or by the petitioners' failure to cooperate with them, not because of an actual or imputed political opinion. Although the evidence may permit a conclusion that the guerrillas were partially motivated by the petitioners' political opinion, it does not compel such a conclusion. Therefore, BIA did not err in finding the petitioners ineligible for asylum. See Mendoza, 327 F.3d at 1287.

A petitioner who cannot demonstrate asylum eligibility is likewise ineligible for withholding of removal. Al-Najjar, 257 F.3d at 1292–93. Therefore, because

petitioners' asylum claim fails, their claim for withholding of removal also fails. See id.

Finally, the petitioners contend that they were denied due process because their Spanish language interpreter was not sworn in. They argue the BIA erred in finding that they had the burden of showing they were harmed by that procedural error.

"We review constitutional challenges de novo." Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 (11th Cir. 2003). Aliens present in the United States are entitled to due process under the Fifth Amendment of the Constitution. Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1311 (11th Cir. 2001). "In order to establish a due process violation, an alien must show that he or she was deprived of liberty without due process of law, and that the asserted error caused him substantial prejudice." Garcia v. U.S. Att'y Gen., 329 F.3d 1217, 1222 (11th Cir. 2003) (citations omitted). The BIA correctly placed the burden on the petitioners to show that they were prejudiced by the IJ's failure to swear in the interpreter. The petitioners have not shown that they suffered substantial prejudice because they do not point to any error by the interpreter. Accordingly, the petitioners have failed to establish that their asylum hearing violated their right to due process under Garcia, 329 F.3d at 1222.

Because we find no reversible error, we deny the petition for review.

**PETITION DENIED.**

7