[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 17, 2006
THOMAS K. KAHN
CLERK

No. 06-11283
Non-Argument Calendar

_____

BIA No. A79-470-771

ALAND GILBERTO PORTILLO-SIERRA,
MARIA JOSEFINA SUAREZ-PAREDES,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 17, 2006)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Petitioners Aland Gilberto Portillo-Sierra and Maria Josefina Suarez-Paredes

are citizens of Colombia, S.A.  They arrived in the United States on February 1,

2001 on a visitors' visa for pleasure, with authorization to remain in the United States for a period not to exceed August 4, 2001. On May 2, 2001, Petitioner Portillo-Sierra filed an application for asylum, withholding of removal, and protection under the U.N. Convention Against Torture ("CAT"), alleging persecution on account of political opinion.[1]

A removal hearing was held on March 17, 2005. Petitioner submitted his asylum application and documentary materials into evidence. The Government introduced the State Department's 2003 Country Report for Colombia. The Immigration Judge ("IJ") found Petitioner's testimony not credible because his testimony contradicted other evidence in the record, specifically key details of Petitioner's sworn asylum application. The IJ also found that even if credible, Petitioner failed to establish that he was harmed on account of his political opinion. Due to this internally inconsistent and insufficient evidence, the IJ denied Petitioners asylum, withholding of relief and CAT protection and ordered their removal.

Petitioners appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which affirmed on January 27, 2006. Petitioners now petition this court

---

[1] Petitioners are husband and wife. As noted above, the husband filed the asylum application; the wife's application is derivative. For convenience, we address the merits of the husband's claim, referring to the husband as Petitioner. We refer to the wife only where necessary.

for review.

Petitioners contend that the BIA erred by affirming the IJ's adverse credibility finding because the inconsistencies the IJ found were actually omissions from the asylum application and were not material to their claim. Petitioners also argue their due process rights were violated (1) when the IJ requested Petitioner to enter into a stipulation to bypass direct testimony, thereby "trapping" him into an adverse credibility finding, and (2) by ineffective assistance of counsel at the asylum hearing.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent the BIA adopts the IJ's reasoning, we review the IJ's decision as well. Id. Here, because the BIA issued its own decision, we only review only that decision.

"The BIA's factual determinations are reviewed under the substantial evidence test, and [we] must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 817-18 (11th Cir. 2004). Credibility determinations are also reviewed under this substantial evidence test. Id. at 818.

The IJ or BIA must make "clear determinations of credibility." See Yang v.

3

U.S. Attorney Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). "[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application" when there is no other evidence of persecution. Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). However, the IJ or BIA is not relieved of the duty to consider other evidence produced by the asylum applicant upon making an adverse credibility determination; the IJ or BIA must consider all the evidence the applicant introduces. Id. "Once an adverse credibility finding is made, the burden is on the asylum applicant to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Id. (citations omitted).

The BIA's specific, cogent reasons for the adverse credibility determination were based on omissions in Petitioner's asylum application that were revealed during Petitioner's testimony at the asylum hearing, namely that: (1) the National Liberation Army ("ELN") kidnapped Petitioner; (2) the kidnappers stole his truck; and (3) the kidnappers asked for his political support. These omissions were material to Petitioner's application. The BIA's adverse credibility finding was based on substantial evidence; thus, we are not compelled to overturn it.

However, because a denial of asylum and withholding of removal cannot be based solely on an adverse credibility claim when the applicant offered other evidence of persecution, we must examine whether the BIA properly considered all

4

record evidence in denying the instant application. Petitioners' other relevant evidence included complaints to the police about the murder of Petitioner Suarez-Paredes's uncle, allegedly committed by the ELN. There is nothing in the BIA's decision that indicates that it considered this additional evidence. The BIA only discussed the inconsistencies the IJ found between Petitioner's asylum application and his testimony. Therefore, although we affirm the BIA's adverse credibility finding, we must remand the case to the BIA for consideration of the evidence of the uncle's murder. Before remanding the case, however, we consider Petitioners' due process claims.

"[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings." Reno v. Flores, 507 U.S. 292, 306, 113 S.Ct. 1439, 1449, 123 L.Ed.2d 1 (1993). Due process requires that all aliens be given notice and an opportunity to be heard in their removal proceedings. Fernandez-Bernal v. Attorney Gen. of U.S., 257 F.3d 1304, 1310 n.8 (11th Cir. 2001). "To establish a due process violation, an alien must show that he or she was deprived of liberty without due process of law, and that the asserted error caused him substantial prejudice." Garcia v. Attorney Gen. of U.S., 329 F.3d 1217, 1222 (11th Cir. 2003) (citations omitted). To establish substantial prejudice, the alien is required to show that the outcome of the proceedings would have been different. See Dakane v. U.S. Attorney Gen., 399 F.3d 1269, 1274 (11th Cir. 2005).

Petitioner suffered no deprivation of his due process rights through the execution of the stipulation to bypass direct testimony because he was given the opportunity to be heard at the asylum hearing. In addition, he was represented by counsel to ensure that his rights were protected. Furthermore, he failed to show prejudice. Therefore, we deny the petition for review as to this issue, and take up the ineffective assistance of counsel matter.

"A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). The requirement is jurisdictional; hence, we lack jurisdiction to review a claim not presented to the BIA. Alim v. Gonzales, 446 F.3d 1239, 1253 (11th Cir. 2006).

In this case, Petitioner did file a motion to reopen the removal proceeding on the ground that counsel rendered ineffective assistance in that proceeding; rather, his ineffective assistance claim is based on his former attorney's failure to file the notice of appeal to the BIA in a timely manner. Petitioner did not argue before the BIA, as he does here, that he received ineffective assistance of counsel during the removal hearing. In short, the BIA did not address whether Petitioner was denied the effective assistance of counsel at that hearing. We accordingly dismiss the instant petition as to this claim because Petitioner failed to exhaust his

6

administrative remedies.

In conclusion, we affirm the petition as to the adverse credibility finding, remand the case to the BIA for consideration of the evidence of the uncle's murder, deny the petition as to the due process claim, and dismiss the petition as to the ineffective assistance of counsel/due process claim.

AFFIRMED, in part; DISMISSED, in part; DENIED, in part; and REMANDED, in part.