[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11215
Non-Argument Calendar

_____

Agency No. A76-475-480

VANDAMME VALENTIN JEANTY,
a.k.a. Vandamme Jeanty,
a.k.a. Vandamme V. Jeanty,

Petitioner-Appellant,

versus

U.S. ATTORNEY GENERAL,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 8, 2008)**

Before ANDERSON, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Petitioner Vandamme Valentin Jeanty petitions for review of the Board of

Immigration Appeals's ("BIA") orders dismissing his appeal from the Immigration Judge's ("IJ") denial of two motions to reopen and denying his motion for reconsideration and his motion to reopen to seek newly available relief. The IJ issued an order removing Jeanty *in absentia* after he failed to appear at the removal hearing. Jeanty later filed two motions to reopen the removal proceedings, both of which the IJ denied on September 21, 2007. Jeanty appealed to the BIA, and the BIA dismissed his appeal on December 13, 2007. Jeanty later filed a motion to reconsider and a motion to reopen before the BIA. The BIA denied these motions on February 21, 2008.

## I.

On appeal, Jeanty contends that on December 13, 2007, the BIA erroneously dismissed his appeal from the IJ's September 21, 2007, order.

While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. *See* INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1), (b)(1). The statutory time limit for filing a direct petition for review in an immigration case is "mandatory and jurisdictional, and [is] not subject to equitable tolling." *Stone v. INS*, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549, 131 L. Ed. 2d 465 (1995) (quotation and citation omitted) (construing the former 90-day period for filing a

2

petition for review under INA § 106(a)(1), 8 U.S.C. § 1105(a)). A timely motion to reconsider filed with the BIA does not suspend the finality of the underlying BIA order and does not toll the review period. *See* INA § 242(a)(1), 8 U.S.C. § 1252(a)(1); *Stone*, 514 U.S. at 405-06, 115 S.Ct. at 1549; *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1351 (11th Cir. 2005).

To seek review of the BIA's December 13, 2007, order dismissing his appeal of the IJ's order denying his motion to reopen removal proceedings, Jeanty needed to file his petition for review by January 14, 2008. Because Jeanty filed his petition for review on March 20, 2008, it is untimely as to the BIA's December 13, 2007, order. Accordingly, we dismiss the petition for lack of jurisdiction to the extent Jeanty seeks review of the BIA's December 13, 2007, order.

## II.

Jeanty also seeks review of the BIA's February 21, 2008, order denying his motion to reopen and his motion to reconsider.

"We review the BIA's denial of a motion to reconsider for abuse of discretion." *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). The BIA's discretion in granting or denying a motion for reconsideration is "very broad." *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir.) (quoting *Anin v. Reno*, 188 F.3d 1273, 1279 (11th Cir. 1999), *cert. denied*, 76 U.S. L.W. 3674 (U.S. Oct. 6, 2008) (No. 07-1555). A motion to reconsider must specify the errors

3

of law or fact in the previous order and be supported by pertinent authority. INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C). "[M]erely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (quoting 8 C.F.R. § 1003.2(b)(1)).

"Issues that are not clearly outlined in an appellant's initial brief are deemed abandoned." *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1317 n.17 (11th Cir. 1999); *see also Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (stating that where a party fails to offer argument on an issue, that issue is abandoned). Passing references to issues are insufficient to raise a claim for appeal, and such issues are deemed abandoned. *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). While we read *pro se* litigants' briefs liberally, even *pro se* litigants can abandon issues by failing to brief them on appeal. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir.), *cert. denied*, 77 U.S. L.W. 3199 (U.S. Oct. 6, 2008) (No. 07-10871).

After reviewing the record, we conclude that Jeanty has abandoned any issues regarding the BIA's February 21, 2008, order to the extent it denied his motion to reopen to seek newly available relief because he has failed to challenge or mention that portion of the order in his appellate brief. Jeanty has sufficiently

raised an issue regarding the BIA's denial of his motion to reconsider; however, we conclude that the BIA did not abuse its discretion in denying that motion because Jeanty merely reiterated the reasoning he provided in his initial appeal to the BIA, and he failed to point to any specific errors in the BIA's December 13, 2007, decision. Therefore, the BIA did not abuse its discretion in denying the same arguments that it had previously rejected. Furthermore, to the extent Jeanty argued in his reconsideration motion that a due process violation occurred, we conclude that the BIA did not abuse its discretion in refusing to grant the motion for reconsideration because "the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." *Scheerer*, 513 F.3d at 1253 (quoting *Garcia v. Att'y Gen.*, 329 F.3d 1217, 1224 (11th Cir. 2003)). Accordingly, we deny the petition to the extent Jeanty is challenging the BIA's February 21, 2008, order denying his motion for reconsideration.

**PETITION DISMISSED IN PART; DENIED IN PART.**