[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 14, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16020
Non-Argument Calendar

_____

Agency No. A029-978-167

TEREZA LEON-JESUS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 14, 2009)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Tereza Leon-Jesus, a citizen of Guatemala, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying her motion for reconsideration of its previous order dismissing her appeal of the Immigration Judge's ("IJ") removal order. The IJ found Leon-Jesus removable based on her aggravated battery conviction and denied her application for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act of 1997, Pub. L. No. 105-100, § 203(b), 111 Stat. 2160, 2198-99. After review, we dismiss in part and deny in part the petition for review.

To the extent Leon-Jesus seeks review of the BIA's final removal order, the denial of her application for special rule cancellation of removal, and the denial of her motion to remand to the IJ, we lack jurisdiction to review these claims because Leon-Jesus did not petition for review within 30 days of the date of the BIA's July 28, 2008 order. See Immigration and Nationality Act ("INA") § 242(b)(1), 8 U.S.C. § 1252(b)(1); Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005). However, Leon-Jesus's October 23, 2008 petition for review was filed in time to confer jurisdiction to review the BIA's September 25, 3008 order denying Leon-Jesus's motion for reconsideration.

We review the BIA's denial of a motion for reconsideration for an abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). Our review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or

2

capricious." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (quotation marks omitted); see also 8 C.F.R. § 1003.2(a) ("The decision to grant or deny a motion to reopen or reconsider is within the discretion of the [BIA] . . . .").

A properly presented motion to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); see also INA § 240(c)(6), 8 U.S.C. § 1229a(c)(6). However, "merely reiterating arguments previously presented to the BIA does not constitute specifying . . . errors of fact or law as required for a successful motion to reconsider." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1329 (11th Cir. 2007) (alteration in original) (quotation marks omitted).

We find no abuse of discretion here. Leon-Jesus's motion for reconsideration merely reasserted her earlier argument in support of her motion to remand about her aggravated battery conviction. The only difference between the original request for remand and the motion for reconsideration was that Leon-Jesus attached additional documents to support her argument.[1] Thus, we cannot say that the BIA's decision was arbitrary or capricious.

---

[1]Leon-Jesus does not challenge the BIA's alternative treatment of her motion to reconsider as a motion to reopen, which the BIA also denied. Accordingly, Leon-Jesus has waived any argument regarding the denial of a motion to reopen. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (stating that issues not argued on appeal are deemed abandoned).

We also reject Leon-Jesus contention that the denial of her motion for reconsideration violated her due process rights. Although aliens in removal proceedings are entitled to due process protection, Sebastian-Soler v. U.S. Att'y Gen., 409 F.3d 1280, 1287 n.14 (11th Cir. 2005), they "do not enjoy a constitutionally protected liberty interest in a purely discretionary form of relief," Garcia v. Att'y Gen., 329 F.3d 1217, 1224 (11th Cir. 2003).

Accordingly, the petition for review is dismissed as to the BIA's July 28, 2008 order and denied as to the BIA's September 25, 3008 order.

**PETITION DISMISSED IN PART AND DENIED IN PART.**