WILSON, Circuit Judge,
concurring in the denial of rehearing en banc:
I was on the panel that heard and decided this appeal. While I do not join Judge Martin’s strong dissent, I agree that Bivens relief should not be categorically denied whenever the government can tangentially relate the alleged violation to removal proceedings. I also agree that if our opinion had cut off Bivens relief in this manner, then this appeal would present a question of “exceptional importance” justifying consideration by the entire court. Fed. R.App. P. 35, 11th Cir. R. 35-3. Ultimately, I do not join the dissent because I do not believe this is what our panel opinion does.
Far from announcing a categorical rule that “shield[s] from federal judicial oversight” a range of “law enforcement abuse” that is only tangentially related to removal proceedings, Dissenting Op. at 696, our panel opinion merely affirmed the district court’s determination that it lacked subject matter jurisdiction “to allow a Bivens action in this context,” Gupta v. McGahey, 709 F.3d 1062, 1064 (11th Cir.2013) (emphasis added).[1] This context involved arrest, detention, searches, and seizures directly related to removal proceedings and the offense that prompted officials to deem removal proceedings necessary. There was no evidence of pretext. There was no evidence of egregious conduct. There was no evidence that the searches and seizures were unrelated to the desire to remove Gupta, though to be sime there was an additional purpose of promoting public *696 safety. In this instance, critically, the animating goal of the officers was to remove Gupta.
The dissent states that our decision has no limiting principles, Dissenting Op. at 696, but that is merely because the case did not present us with an opportunity tó establish limiting principles. Indeed, limiting principles are mandated by one of the most basic tenets of our constitutional jurisprudence: “[Wjhere there is a legal right, there is also a legal remedy by suit or action at law, whenever that right is invaded.” Marbury v. Madison, 5 U.S. (1 Cranch) 137, 163, 2 L.Ed. 60 (1803) (internal quotation marks omitted). And this court has established that even aliens subject to removal proceedings have rights under the Constitution. See Lapaix v. U.S. Att’y Gen., 605 F.3d 1138, 1143 (11th Cir.2010) (per curiam) (noting that aliens are entitled to due process of the law in removal proceedings); Garcia v. Att’y Gen. of U.S., 329 F.3d 1217, 1223 (11th Cir.2003) (per curiam) (noting that aliens “have the right to effective assistance of counsel at deportation proceedings”).
If a future case arises where removal proceedings are used as pretext to shield law enforcement abuses from federal judicial oversight, or where the conduct is more egregious, or where it is less related to the commencement of removal proceedings, then we will have occasion to announce limiting principles consistent -with well-established jurisprudence. Should the scenario come along where an alien is, for example, physically beaten during the course of what ought to be a peaceful arrest arising from a decision to commence removal proceedings, judicial review would likely be necessary because I am able to discern no mechanism within the INA’s administrative scheme to remedy the wrong. See, e.g., Turkmen v. Ashcroft, 915 F.Supp.2d 314, 353 (E.D.N.Y.2013) (holding that the INA administrative scheme provides no appropriate remedy for detainees whose religious rights have been “intentionally and maliciously” violated). In such circumstances, our panel opinion does not constitute precedent that will unconditionally bar aliens from seeking relief from egregious constitutional violations.
Nothing in our opinion states that it should be read as broadly as Judge Martin suggests, and I take the words “in this context” as an express acknowledgment that the rule applied in our panel’s opinion should be limited by the facts of the case. Our opinion held that for “ ‘any ... claim ... arising from the decision or action by the Attorney General to commence [removal] proceedings,’ ” § 1252(g) bars federal court jurisdiction. Gupta, 709 F.3d at 1065 (quoting 8 U.S.C. § 1252(g)). The dissent fears that our panel’s opinion will be erroneously extended — perhaps based on the broad scope of the word “any” but without accounting for the limiting words “arising from” — beyond the factual scenario at issue in this case. If and when that error is made, we will have occasion to correct the error and set limiting principles with more precision.[2] Our panel’s decision is correct in this limited context.

. Our panel opinion explicitly and consistently narrowed the scope of its holding to "this context." On appeal, Gupta "also argues that the district court should have recognized his Bivens action in this context.” Gupta, 709 F.3d at 1064 (emphasis added).

. Without announcing any such principles— because, again, this case does not present us with the opportunity to do so — I note that law enforcement brutality and pretextual arrests do not "arise from” a decision to "commence [removal] proceedings” because such activities are entirely unnecessary to accomplish removal. Thus, if those activities occur, it cannot be said that they arose from the decision to commence removal proceedings even though they would be tangentially related to removal.