[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10133
Non-Argument Calendar

_____

Agency No. A201-214-085

ORLANDO CAMACHO-MONTOYA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 14, 2017)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Orlando Camacho-Montoya ("Camacho") seeks review of an order of the

Board of Immigration Appeal ("BIA") dismissing his appeal of the Immigration

Judge's ("IJ") order denying his application for cancellation of removal.  On

appeal, Camacho argues that: (1) the IJ erred in concluding that he failed to establish exceptional and extremely unusual hardship to his U.S. citizen children; and (2) the IJ erred in its adverse credibility determination. After thorough review, we affirm.

We have jurisdiction to determine whether we have subject matter jurisdiction over a final order of removal. Alexis v. U.S. Att'y Gen., 431 F.3d 1291, 1293 (11th Cir. 2005).

The Attorney General may cancel the removal of a nonpermanent resident alien who: (1) has continuous physical presence in the United States for ten years; (2) is of good moral character; (3) has not committed one of a number of specified offenses; and (4) shows that his citizen spouse, parent, or child will suffer "exceptional and extremely unusual" hardship. 8 U.S.C. § 1229b(b)(1). We lack jurisdiction to review certain discretionary decisions under the Immigration and Nationality Act ("INA"), including the decision to deny an application for cancellation of removal. See 8 U.S.C. § 1252(a)(2)(B)(i); Jimenez-Galicia v. U.S. Att'y Gen., 690 F.3d 1207, 1209 (11th Cir. 2012) (stating that the "INA prevents judicial review of the BIA's discretionary judgments that grant or deny petitions for cancellation of removal"). This statutory bar also precludes judicial review of the "exceptional and extremely unusual hardship determination." Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1333 (11th Cir. 2003).

2

Notwithstanding the statutory bar, we retain jurisdiction to review colorable constitutional claims or questions of law.  8 U.S.C. § 1252(a)(2)(D).  However, a petitioner may not create jurisdiction simply by framing an abuse-of-discretion argument in constitutional terms.  See Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1283-84 (11th Cir. 2007).  And we have rejected attempts to frame "what is essentially a challenge to the IJ's assessment" of credibility as a question of law. See Garcia v. Att'y Gen. of U.S., 329 F.3d 1217, 1222 (11th Cir. 2003).

Here, we lack jurisdiction to review the BIA's order dismissing Camacho's appeal because the INA precludes judicial review of agency decisions to deny an application for cancellation of removal.  See 8 U.S.C. § 1252(a)(2)(B)(i). Moreover, any attempt by Camacho to frame his arguments in constitutional or purely legal terms does not restore jurisdiction because he is merely asking us to conclude that the IJ's findings were not supported by the record, which we may not do in the face of a jurisdictional bar.  See Garcia, 329 F.3d at 1222.  Therefore, we dismiss the petition.

**DISMISSED**.