[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 24, 2009
THOMAS K. KAHN
CLERK

No. 08-14421
Non-Argument Calendar
_____

Agency No. A97-638-496

ALVARO PARADA PEREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 24, 2009)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Alvaro Parada Perez, pro se, petitions for review of the Board of

Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ's")

order finding him removable and denying his application for asylum and withholding of removal. After review, we deny the petition for review.

## I. BACKGROUND

On September 22, 2002, Parada, a citizen of Colombia, entered the United States on a B-1 Visa as a non-immigrant visitor for business, with authorization to remain until October 21, 2002. Parada remained in the United States past this date. In September 2003, Parada filed an application for asylum, withholding of removal and relief under the United Nations Convention Against Torture ("CAT"). Parada claimed he had suffered past persecution and had a well-founded fear of future persecution in Colombia by two guerilla groups, the National Liberation Army ("ELN") and the Revolutionary Armed Forces of Colombia ("FARC"), because of his political activity and membership in a particular social group.

On October 28, 2003, the Immigration and Naturalization Service ("INS") issued a Notice to Appear ("NTA"), charging Parada with removability under the Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the United States beyond October 21, 2002 without authorization. On April 13, 2004, Parada appeared before the IJ with counsel, admitted the factual allegations in the NTA and conceded removability.

Parada then testified about the alleged persecution. Parada explained that he was a member of the Liberal Party, a civil engineer and the director of a technical

2

college with schools located in several cities around the country. Parada counseled his students to avoid becoming involved with guerilla groups. Parada was involved in political campaigns, including the campaign of President Alvaro Uribe. Parada claimed that he received numerous threatening phone calls, that he was confronted twice by armed guerillas on the street and threatened and that a friend's home where he was staying was sprayed with bullets. Parada also testified that in 2000 he was shot in the knee and back when a campaign bus he was riding in was attacked by armed men and that three days later the FARC called and claimed responsibility.

After the hearing, the IJ denied Parada all relief. Based on numerous inconsistencies, omissions and implausibilities in the record, the IJ concluded that Parada's testimony was not credible and his documents in support of his application were either not credible or to be accorded little weight. The IJ found that Parada had been shot, but did not find him credible as to the reason he was shot. Rather, the IJ found, based on a statement of an eyewitness to the bus shooting, that it was more likely that Parada was targeted by the guerillas because he had refused to pay them money and that the bus attack was an attempt to kidnap him. The IJ concluded that Parada was not eligible for asylum, withholding of removal or CAT relief.

With new counsel, Parada appealed to the BIA, challenging the IJ's denial of

3

asylum and withholding of removal.[1]  The BIA dismissed Parada's appeal, finding

that the IJ's adverse credibility determination was supported by the record and

citing examples of several inconsistencies and/or omissions.  The BIA also rejected

Parada's claims: (1) that he received ineffective assistance of counsel in preparing

his asylum application and at his asylum hearing; (2) that the IJ erred by

overlooking the ineffective assistance during the hearing; and (3) that his due

process rights were violated because of allegedly faulty translation of his hearing

testimony.  Finally, the BIA determined that it would not consider documents that

had not been submitted to the IJ.  Parada filed this petition for review.

## II.  DISCUSSION

### A.    Persecution

To establish eligibility for asylum, an applicant must show either past

persecution or a well-founded fear of persecution on account of race, religion,

nationality, membership in a particular social group or political opinion.  INA §

101(a)(42)(a), 8 U.S.C. § 1101(a)(42)(A); Sepulveda v. U.S. Att'y Gen., 401 F.3d

1226, 1230-31 (11th Cir. 2005).  Similarly, to establish eligibility for withholding

of removal, an applicant must show that it is "more likely than not" that he will be

persecuted on account of one of the protected grounds.  INA § 241(b)(3)(A), 8

---

[1]As the BIA noted, Parada did not challenge the denial of his request for CAT relief. Parada does not challenge that ruling on appeal to this Court, and we do not address it.

4

U.S.C. § 1231(b)(3)(A); Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).[2]

An asylum applicant has the burden to show past persecution or a well-founded fear of persecution by specific and credible evidence. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286-87 (11th Cir. 2005). An adverse credibility finding alone may support a denial of an asylum claim; however, if the applicant produces other evidence, the IJ and the BIA must consider this evidence as well. Id. at 1287. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific cogent reasons' or was not based on substantial evidence." Id.

On appeal, Parada does not challenge the IJ's adverse credibility finding. Although Parada argues that the various incidents he suffered in Colombia constituted persecution, Parada relies on his discredited hearing testimony. The IJ outlined numerous inconsistencies and omissions, which formed an adequate basis for his adverse credibility finding. Accordingly, substantial evidence supports the

_____

[2]We review only the BIA's decision, except to the extent that the BIA expressly adopts the IJ's opinion or reasoning. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. Here, because the BIA relied upon the reasons identified in the IJ's order, we review both decisions. We review fact findings of the BIA and the IJ under the substantial evidence test. Id. at 1283. Under the substantial evidence test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1284 (quotations marks omitted). "To reverse a factual finding by the BIA, this Court must find not only that the evidence supports a contrary conclusion, but that it compels one." Farquharson v. U.S. Att'y Gen., 246 F.3d 1317, 1320 (11th Cir. 2001).

finding that Parada is not eligible for asylum or withholding of removal.[3]

## B.    Due Process

Due process requires that all aliens be given notice and an opportunity to be heard in their deportation proceedings.  Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1310 n.8 (11th Cir. 2001).  "In order to establish a due process violation, an alien must show that he or she was deprived of liberty without due process of law and that the asserted error caused him substantial prejudice."  Garcia v. U.S. Att'y Gen., 329 F.3d 1217, 1222 (11th Cir. 2003) (citation omitted).

During Parada's hearing, the IJ commented on the poor performance of Parada's counsel in presenting the case, his unfamiliarity with the documentary evidence in the record, the untimely filing of documentary evidence and the dearth of corroborating documentary evidence.  Parada argues that he was denied due process when the IJ, aware of deficiencies in the record, failed to enter into the record "documentary and physical evidence that was available upon request."  Parada does not identify specifically what evidence the IJ should have asked for.[4]

---

[3]Parada does not argue that, absent his hearing testimony, other evidence in the record compels a conclusion that he suffered past persecution or has a well-founded fear of future persecution.  Thus, Parada has abandoned that claim.  See Sepulveda, 401 F.3d at 1228 n.2.

[4]Although Parado claims the record did not contain a Country Report for Colombia, a 2005 Country Report was, in fact, included in the administrative record presented to the IJ.  Parado complains that the asylum officer who initially reviewed Parado's application failed to include a medical report of his gunshot wounds when the record was transferred to the immigration court.  Parado also notes that he had the shirt he was wearing when he was shot and could have submitted this evidence to the IJ.  The failure to submit the medical record and the

6

The burden of proof in asylum and withholding of removal cases is on the applicant, not the IJ. Thus, a counseled applicant has the obligation to submit any relevant documentary and physical evidence he has to support his claim. Here, Parado attached documents to his application and then supplemented the record with additional documents three days prior to the hearing. At the hearing, the IJ asked Parado's counsel if he had any additional evidence or corrections that he would like to submit to the court, and Parado's counsel indicated he did not.

In sum, the IJ gave Parado an opportunity to testify in support of his claims, asked Parado follow-up questions and considered all the evidence Perez did present in support of his claim, including late-filed documents. We find no due process violation.

## C.    Ineffective Assistance of Counsel

Parado argues that his counsel rendered ineffective assistance at the asylum hearing. If an alien has counsel represent him in removal proceedings, the alien has a due process right to effective assistance of counsel. Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1273 (11th Cir. 2005). To show ineffective assistance of counsel, "an alien must establish that his or her counsel's performance was deficient to the point that it impinged upon the fundamental fairness of the hearing

shirt did not prejudice Parado because the IJ credited his claim that he had been shot. What the IJ concluded Parado had not shown was why he had been shot.

7

such that the alien was unable to reasonably presented his or her case." Id. at 1273-74 (quotation marks omitted).

The BIA has set forth the following procedural requirements for establishing an ineffective assistance claim: (1) the motion must be supported by an affidavit of the respondent setting forth in detail the agreement that was entered into with counsel; (2) counsel must be informed of the allegations leveled against him and be given an opportunity to respond; and (3) the motion must reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's responsibilities, and if not, why not. Matter of Lozada, 19 I & N Dec. 637, 639 (BIA 1988) (addressing an ineffective assistance claim raised in a motion to reopen). This Court has upheld the BIA's ability to require an alien to satisfy the Lozada procedural requirements and concluded that, in addition, the alien must show that the counsel's deficient performance prejudiced the alien. See Dakane, 399 F.3d at 1274.

The BIA rejected Parado's ineffective assistance claim because he failed to substantially comply with the Lozada procedural requirements. Parado does not challenge the BIA's finding in this regard, and there is no evidence in the record that he did, in fact, comply with those requirements. Accordingly, the BIA did not err in denying Perez's ineffective assistance of counsel claim.

**PETITION DENIED.**

8