[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15506
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A094-283-234,
A097-737-824

OSCAR RAFAEL MEJIA-LOPEZ,
KENIA MARCELY MENDOZA-ORDONEZ,
OSCAR MARCELO MEJIA-MENDOZA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 28, 2009)

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner Oscar Rafael Mejia-Lopez, a citizen of Honduras, petitions for review of the final order of the Board of Immigration Appeals ("BIA"), which adopted the decision of the immigration judge ("IJ") ordering removal, denying asylum and withholding of removal under the Immigration and Naturalization Act ("INA"), 8 U.S.C. §§ 1158, 1231, and denying relief under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c). Because Mejia-Lopez failed to exhaust his administrative remedies, we lack jurisdiction to review Mejia-Lopez's challenge of the IJ's denial of relief under CAT. In his petition for review, Mejia-Lopez argues (1) he established both past and future persecution on account of a statutorily protected ground, and (2) the IJ violated his due process rights by not allowing him to continue his testimony in support of his application.

I.

On the merits of his asylum and withholding of removal claims, Mejia-Lopez argues that he established past persecution on account of his membership in a particular social group and/or his political opinion. The alleged past persecution was based on his cooperation with the Honduran police, which led to threats and an attempted abduction by a policeman. Mejia-Lopez also argues he has subjectively and objectively shown his fear of future persecution, as it was the Government of Honduras, specifically the police, that caused him to flee Honduras.

2

We review the BIA's decision as the final judgment, unless the BIA has expressly adopted the IJ's decision. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). In that case, "we review the IJ's decision as well." *Id.* Here, the BIA expressly adopted the IJ's decision, so we review the IJ's decision.

"We review the IJ's factual determinations under the substantial evidence test." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). We must "affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (internal quotations omitted). Under this test, "we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). Accordingly, "[t]o conclude that the [IJ's] decision should be reversed, we must find that the record not only supports the conclusion, but compels it." *Ruiz v. Gonzales*, 479 F.3d at 765 (citation omitted).

Any alien who is physically present in the United States may apply for asylum. *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007); INA § 208(a)(1); 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of Homeland Security may grant asylum if an alien meets the definition of "refugee,"

as defined by 8 U.S.C. § 1101(a)(42)(A). 8 U.S.C. § 1158(b)(1)(A). The INA

defines "refugee" as:

> [A]ny person who is outside any country of such person's nationality
> or, in the case of a person having no nationality, is outside any
> country in which such person last habitually resided, and who is
> unable or unwilling to return to, and is unable or unwilling to avail
> himself or herself of the protection of, that country because of
> persecution or a well-founded fear of persecution on account of race,
> religion, nationality, membership in a particular social group, or
> political opinion.

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving

statutory refugee status. *See Al Najjar*, 257 F.3d at 1287 (11th Cir. 2001). To

establish asylum eligibility, the alien must, "with specific and credible evidence,

establish (1) past persecution on account of a statutorily protected ground or (2) a

well-founded fear of future persecution on account of a protected ground." *Mejia*,

498 F.3d at 1256. "To establish asylum [eligibility] based on past persecution, the

applicant must prove (1) that she was persecuted, and (2) that the persecution was

on account of a protected ground." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236

(11th Cir. 2006). "To establish eligibility for asylum based on a well-founded fear

of future persecution, the applicant must prove (1) a subjectively genuine and

objectively reasonable fear of persecution that is (2) on account of a protected

ground." *Id.* (internal quotation marks and citation omitted). A showing of past

4

persecution creates a rebuttable presumption of a well-founded fear of future persecution. *Sepulveda v. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005).

Neither the INA nor the regulations define persecution. We have described persecution as an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda*, 401 F.3d at 1231 (quotations and citation omitted). In *Sepulveda*, we held that menacing telephone calls and threats to the alien, her family members, and colleagues did not rise to the level of past persecution. *Id.*

To qualify for withholding of removal under the INA, an alien must show that his or her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The evidentiary burden for withholding of removal is greater than that imposed for asylum, so, if an alien has not met the well-founded fear standard for asylum, he generally cannot meet the standard for withholding of removal. *Al Najjar*, 257 F.3d at 1292-93.

We have held that noncriminal informants do not constitute a particular social group. *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1198 (11th Cir. 2006) (holding noncriminal informants working against the Cali drug cartel did not constitute a particular social group eligible for asylum and withholding; group of

5

informants were both not visible enough, and, at the same time, were potentially too numerous or inchoate).

> 'Particular social group' should not be a 'catch all' for all persons alleging persecution who do not fit elsewhere. In restricting the grounds for asylum and withholding of deportation based on persecution to five enumerated grounds, Congress could not have intended that all individuals seeking this relief would qualify in some form by defining their own 'particular social group.'

*Id.*

"The statutes governing asylum and withholding of removal protect not only against persecution by government forces, but also against persecution by non-governmental groups that the government cannot control." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006). "Thus, evidence that either is consistent with acts of private violence . . ., or that merely shows that a person has been the victim of criminal activity does not constitute evidence of persecution based on a statutorily protected ground." *Id.* at 1258. *See Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004) (holding evidence was consistent with finding that Columbian FARC guerilla group's harassing of petitioner for failure to cooperate did not qualify petitioner for withholding of removal under the INA). We have also held that targeting the wealthy for extortionate purposes was not persecution based on political opinion. *Rivera v. U.S. Att'y Gen.*, 487 F.3d 815, 821-22 (11th Cir. 2007) (holding aliens whose persecutors had murdered members of the family for refusal to pay a "war tax" were not persecuted on account of political opinion).

6

We conclude from the record that the IJ did not err as a matter of law, and substantial evidence supports the IJ's finding, adopted by the BIA, that Mejia-Lopez failed to demonstrate a nexus between the threats and kidnapping attempt and a protected ground. The IJ considered the evidence Mejia-Lopez submitted in support of his case. The record does not compel the conclusion that the criminal extortion attempts against him were motivated by anything other than money, and because an applicant who does not qualify for asylum ordinarily will be unable to qualify for withholding of removal, *see Al Najjar*, 257 F.3d at 1292-93, we must deny the petition to the extent it generally challenges the denial of relief.

## II.

Mejia-Lopez also argues his due process rights were violated because he was not allowed a reasonable opportunity to present evidence on his behalf. Specifically, Mejia-Lopez argues that after a recess the IJ did not allow him to continue and expand his testimony and did not allow his wife to testify. Mejia-Lopez argues this deprivation caused him substantial prejudice because he was not able to complete the presentation of his testimony in support of his application.

Review of constitutional challenges is *de novo*. *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2003). Aliens present in the United States are entitled to due process under the Fifth Amendment of the Constitution. *Fernandez-Bernal v. Att'y Gen. of U.S.*, 257 F.3d 1304, 1311 (11th Cir. 2001). "In order to

establish a due process violation, an alien must show that he or she was deprived of liberty without due process of law, and that the asserted error caused him substantial prejudice." *Garcia v. Att'y Gen. of U.S.*, 329 F.3d 1217, 1222 (11th Cir. 2003) (internal citations omitted). Under certain conditions, the deprivation of "the ability to present evidence on one's behalf in a removal proceeding would, under certain circumstances, constitute a due process violation." *Frech v. U.S. Att'y Gen.*, 491 F.3d 1277, 1282 (11th Cir. 2007).

Mejia-Lopez has not shown he was prejudiced by the IJ's decision not to continue his testimony or allow his wife's testimony after the recess. The record is clear that the IJ considered Mejia-Lopez and his wife's application for asylum as well as all the documents filed in support of the case. After Mejia-Lopez's counsel could not establish or explain the required nexus between the threats and kidnapping attempt and a protected ground, the IJ likely felt the additional testimony would be an accumulation and a reiteration of their applications for asylum. Mejia-Lopez did not proffer or present any new facts or evidence to the BIA or here on appeal that might have changed or even influenced the IJ's decision. Thus, Mejia-Lopez has not shown the asserted error caused him substantial prejudice, *Garcia*, 329 F.3d at 1222, and that his due process rights were violated.

For the above-stated reasons, we deny Mejia-Lopez's petition for review.

**PETITION DENIED.**