[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15132
Non-Argument Calendar
_____

Agency No. A024-649-129


IKE JACOBSON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 14, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioner Ike Jacobson seeks review of the Board of Immigration Appeals'

(BIA's) final order of removal affirming the Immigration Judge's (IJ's) denial of Jacobson's application for cancellation of removal under 8 U.S.C. § 1229b. We dismiss the petition in part and deny it in part.

### I.

Jacobson, a native and citizen of Nigeria, first entered the United States on a student visa in September 1980. He has continuously resided in the United States since that time, and obtained lawful permanent resident status in 1983.

On March 6, 2010, upon returning to the United States following a brief trip to Nigeria, the Department of Homeland Security served Jacobson with a Notice to Appear, charging him with removability under 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an arriving alien convicted of a crime of moral turpitude. At a hearing before an IJ, Jacobson admitted to four prior convictions and the IJ consequently found him removable. The IJ then denied Jacobson's application for cancellation of removal. The IJ found that, despite having spent 31 years in the United States, having some family ties to this country, and otherwise satisfying the statutory requirements for cancellation of removal, Jacobson's extensive criminal history, minimal acceptance of responsibility, and lack of good moral character counseled against allowing him to remain in the United States. The BIA affirmed the denial of Jacobson's application, expressly adopting the portion of the IJ's decision that

2

denied Jacobson's application for cancellation of removal based on discretionary factors.

Jacobson petitions this court for review of the BIA's decision.

## II.

We review our subject-matter jurisdiction *de novo*. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003). We may only exercise jurisdiction to review a final order of removal if "the alien has exhausted all administrative remedies available to the alien as of right . . . ." 8 U.S.C. § 1252(d)(1); *Sundar v. INS*, 328 F.3d 1320, 1323 (11th Cir. 2003). In other words, we cannot consider a claim that the petitioner could have, but did not, raise before the BIA.

We also lack jurisdiction to review some discretionary decisions in immigration proceedings, including "any judgment regarding the granting of relief under [8 U.S.C. § 1229b]." 8 U.S.C. § 1252(a)(2)(B)(i). Nevertheless, we retain jurisdiction over "constitutional claims or questions of law raised upon a petition for review . . . ." *Id.* § 1252(a)(2)(D). But for us to have jurisdiction to review it, a petitioner's constitutional claim must allege "at least a colorable constitutional violation." *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007). "A petitioner may not create the jurisdiction that Congress chose to remove simply by

3

cloaking an abuse of discretion argument in constitutional garb." *Id.*

A.

Jacobson argues that he was erroneously and unconstitutionally characterized as an arriving alien, that the IJ unconstitutionally shifted the burden of proof by requiring him to prove his innocence of the prior criminal charges, that the IJ was biased, that not granting review will deny him and his family substantive due process, and that his two-year detention while undergoing removal proceedings constituted double jeopardy. But he raised none of these contentions before the BIA. They are therefore unexhausted and we lack jurisdiction to consider them. 8 U.S.C. § 1252(d)(1).

Jacobson also argues for the first time in this petition for review that the IJ and BIA's refusal to adjust his status under 8 U.S.C. § 1255 was arbitrary and capricious. This argument is inapposite. The BIA's decision was based on its discretionary authority to cancel an alien's removal under 8 U.S.C. § 1229b. Jacobson filed his application for cancellation of removal as a lawful permanent resident, so the adjustment of Jacobson's status was plainly not at issue. *Compare* 8 U.S.C. § 1229b(a) (granting the Attorney General authority to cancel the removal, but not adjust the status, of permanent residents), *with id.* § 1229b(b) (granting the Attorney General the authority to cancel the removal and adjust the

status of *nonpermanent* residents).  More importantly, this argument was never raised before the BIA.  Hence, it is unexhausted, and we lack jurisdiction to consider it.  8 U.S.C. § 1252(d)(1).

### B.

Jacobson next argues that the IJ and the BIA violated his due process rights by failing to consider all of the available evidence in his case.  Although this argument is cloaked in due process language, Jacobson simply reiterates the evidence he presented to the BIA and the IJ about the hardships his children would face if his application for cancellation of removal were not granted.  Put more simply, Jacobson argues that the BIA should have exercised its discretion in his favor.  We do not have jurisdiction to review this claim.  8 U.S.C. § 1252(a)(2)(B).  Jacobson's framing of the issue as a due process violation does not overcome this jurisdictional limitation.  *See Arias*, 482 F.3d at 1284.

Jacobson also asserts that the BIA violated his due process rights by failing to properly adjudicate his case according to established procedures, laws, and regulations.  To establish a due process violation in a removal proceeding, "aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice." *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341-42 (11th Cir. 2003).  An alien "has no constitutionally

5

protected interest in purely discretionary forms of relief." *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008). Thus, failure to receive relief that is "purely discretionary in nature" cannot underlie a due process violation. *See id.* (quoting *Garcia v. U.S. Att'y Gen.*, 329 F.3d 1217, 1224 (11th Cir. 2003)).

The sole procedural issue that Jacobson raises is the BIA's failure to assign his case to a three-member panel. It cannot form the basis of a colorable procedural due process claim because that decision is entirely discretionary. *See* 8 C.F.R. § 1003.1(e)(6) (permitting, but not requiring, a member of the BIA to submit a case to a three-member panel in certain circumstances). We therefore lack jurisdiction to consider this argument.

## III.

Jacobson's final argument is that the BIA's failure to assign his case to a three-member panel for review also violated the applicable regulations. Because whether the BIA complied with the regulations governing its appeals is a question of law, we have jurisdiction to review this contention. Nonetheless, Jacobson's argument fails. Members of the BIA may only refer a case to a three-member panel when it satisfies one of the enumerated criteria in the regulations. *See id.* Even if those criteria are satisfied, the decision to refer a case to a three-member panel is discretionary. *See id.* Thus, the BIA did not err in declining to submit the

6

case to a three-member panel.

IV.

In sum, the BIA was within its discretion in refusing to submit Jacobson's case to a three-member panel for review.  And we lack jurisdiction to consider the rest of Jacobson's arguments.  Accordingly, we dismiss the petition for lack of jurisdiction in part, and deny it in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**