[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10655
Non-Argument Calendar
_____

Agency No. A205-502-407

BEYAGI TOURAY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 5, 2013)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Beyagi Touray seeks review of the Board of Immigration Appeals's ("BIA")

dismissal of his appeal of the Immigration Judge's ("IJ") final removal order.

After review, we deny the petition for review.

## I.  BACKGROUND

**A.    Admission and Notice to Appear**

On May 17, 2011, Touray, a citizen of Gambia, was admitted to the United

States on a nonimmigrant student visa to attend Brookhaven College in Dallas,

Texas.  From December 2011 onward, however, Touray failed to attend

Brookhaven College, which terminated its visa sponsorship for Touray.

On June 27, 2012, Immigrations and Customs Enforcement ("ICE") agents

encountered Touray in College Park, Georgia during a law enforcement operation

conducted with the Bureau of Alcohol, Tobacco, Firearms and Explosives.  Upon

making immigration inquiries, ICE learned that Touray had violated the terms of

his student visa.  The same day, Touray was served in person with a Notice to

Appear ("NTA"), charging him with removability under INA § 237(a)(1)(C)(1), 8

U.S.C. § 1227(a)(1)(C)(i), based on his failure to attend Brookhaven College.  The

NTA specified that the date and time for Touray's hearing would be set at a later

time.  Touray was detained by ICE at the Lumpkin County Detention Center.

The ICE agent who interviewed Touray on June 27, 2012 noted in Touray's

record, inter alia, that Touray admitted not attending school because he was

2

waiting for money to be sent to him and to being "out of status." Touray "claimed to be married, but could not spell his wife's first name, provide a phone number for her, or provide an address where she currently resides – claiming they don't live together any longer." Touray also could not remember the month in 2012 that he was married or provide any legal document of the marriage.

**B.    July 30, 2012 Hearing Before the IJ**

On July 26, 2012, Touray was served with notice by mail at the Lumpkin County Detention Center of his master calendar hearing scheduled for July 30, 2012, and to be held at the detention center.

At the July 30, 2012 master calendar hearing, the IJ explained to Touray that an admission to the charges in the NTA would be sufficient to remove Touray from the country, but she would try to determine if there were any grounds for relief from removal available to him, including legal marriage. The IJ informed Touray: (1) of his right to have an attorney at his own expense; (2) of an available list of affordable legal services providers; (3) that if he elected to represent himself, he would be waiving his right to an attorney; and (4) he had a right to have witnesses testify on his behalf and to present evidence, paperwork, or documents to support his case. The IJ advised Touray that if he needed more time to get witnesses, documents, or other evidence, she would grant him time at his request. Touray affirmed that he understood all of his rights as explained by the IJ.

The IJ asked Touray whether he wanted additional time to speak to an attorney or to his family. Touray declined the IJ's offer and stated that he was prepared to proceed with the hearing. Among other things, Touray agreed that he was admitted to the United States for the purpose of attending Brookhaven College, and that after December 2011, he had not attended the last semester of college. Based on Touray's admissions, the IJ found that Touray was removable by clear and convincing evidence.

The IJ then explored with Touray possible grounds for relief from removal. Among other things, the IJ asked Touray about his marriage. Touray stated that he had married a U.S. citizen before he was taken into custody, but that his wife had not filed the necessary documents to allow him to remain in the country. Although Touray said that he lived with his wife, he did not know his wife's telephone number or home address. In response to the IJ's questions, Touray explained that he knew the street name of his home, but that he was not good with numbers and that he stored this type of information on his phone. The IJ found that Touray's marriage "ha[d] all the appearances of a fraudulent marriage," and declined to grant him voluntary departure "as a matter of discretion." After confirming that none of Touray's immediate family was a U.S. citizen and that Touray did not fear persecution or torture in Gambia, the IJ ordered Touray removed to Gambia, and reserved Touray's right to appeal the decision.

## C.    IJ's Written Decision

The BIA returned the case to the IJ for a written decision.  The IJ's written decision found Touray removable for failing to comply with the conditions of his student visa.  The IJ explained that Touray was married to a U.S. citizen, but his wife had not filed paperwork on his behalf to allow him to remain in the United States, and Touray was unable to "spell her name, provide her phone number, or provide her address."  Because the government had proved by clear and convincing evidence that Touray was removable and Touray had neither applied for, nor showed evidence of, his eligibility for any form of relief, the IJ ordered him removed to Gambia.

## D.    BIA Appeal

Touray filed a pro se appeal to the BIA.  Touray's pro se brief argued that he was unable to attend Brookhaven College because of financial issues that were being resolved and that he did not concede removability.  He also contested the IJ's finding that his marriage was fraudulent, noting that he correctly spelled his wife's name at the hearing.  Touray stated that his wife was in the process of filing an I-130 petition on his behalf and that he was unaware that he was supposed to provide evidence of his marriage at the removal hearing.

An attorney then filed an entry of appearance as Touray's counsel and filed a counseled brief.  Touray's counseled brief offered additional facts about Touray's

5

status as a student and his marriage.  Touray's counseled brief argued that Touray "enrolled in and attended the 2011 Fall semester" at Brookhaven College, which "ended in December 2011," that Touray "could not attend classes in the 2012 Winter semester because he had not received the anticipated funds from his family in Gambia," but that he planned to attend "the 2012 Summer semester."  Touray's brief stated that he was married to a U.S. citizen on April 20, 2012 in Fulton County, Georgia, and the couple lived in Austell, Georgia.  Touray submitted a copy of his marriage certificate.

Touray's counseled brief argued that his due process rights were violated because the IJ failed to: (1) inform him of his right to counsel; (2) give him an opportunity to continue the hearing so that he could develop his argument for relief from removal; (3) give him a reasonable opportunity to present evidence of the validity of his marriage; or (4) give him the required ten-day notice prior to the July 30 master calendar hearing.[1]  Touray asked the BIA to remand his case so that he could prove the legitimacy of his marriage.

## E.    BIA's Decision

In a single-judge decision, the BIA dismissed Touray's appeal.  The BIA rejected Touray's argument that he should be excused from complying with the terms of his admission because he could not afford to pay for tuition and planned

---

[1]In light of the issues raised in Touray's counseled brief, there is no merit to the government's contention that Touray failed to exhaust his due process claims before the BIA.

on re-enrolling the next semester.  The BIA noted that Touray did not seek alternative authorization to remain in the United States.  The BIA found, based on Touray's admissions, that there was clear and convincing evidence that Touray was removable.

The BIA further agreed with the IJ that because Touray's wife "ha[d] not filed a visa petition on his behalf, no relief from removal [was] available, and because he ha[d] not demonstrated that the marriage [was] bona fide, good cause for a continuance to pursue approval of a visa petition was not shown."

## II.  DISCUSSION

### A.    Due Process Claims

Touray argues that his due process rights were violated because (1) he was not given timely notice of his removal hearing, and (2) the IJ did not continue the removal hearing to give Touray an opportunity to seek counsel and prepare for his hearing.[2]

In the immigration context, "[d]ue process requires that aliens be given notice and an opportunity to be heard in their removal proceedings."  Lapaix v. U.S. Att'y Gen., 605 F.3d 1138, 1143 (11th Cir. 2010).  To establish a due process violation, an alien must show both a deprivation of liberty without due process and

---

[2]We review only the BIA's decision, except to the extent the BIA adopted the IJ's opinion.  Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350 (11th Cir. 2009).  We review constitutional challenges, including alleged due process violations, de novo.  Lapaix v. U.S. Att'y Gen., 605 F.3d 1138, 1143 (11th Cir. 2010).

substantial prejudice.  Garcia v. Att'y Gen. of U.S., 329 F.3d 1217, 1222 (11th Cir. 2003).  "[T]he failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest."  Scheerer v. U.S. Att'y Gen., 513 F.3d 1244, 1253 (11th Cir. 2008) (internal quotation marks omitted) (concluding that adjustment of status and the decision to reopen or reconsider are discretionary relief that cannot form the basis of due process violation).  To show substantial prejudice, the alien must show that the outcome would have differed "in the absence of the alleged procedural deficiencies."  See Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1263 (11th Cir. 2003).

Here, Touray has not shown a due process violation.  The record reflects that Touray was given notice and an opportunity to be heard.  Specifically, on July 26, Touray was served by mail with notice of his master calendar hearing to be held on July 30 at the detention center.  See INA § 239(a)(1)(G)(i), 8 U.S.C. § 1229(a)(1)(G)(i) (requiring an alien be given written notice, either by mail or in person, of the "time and place" of each hearing during removal proceedings).  Touray in fact appeared at that July 30 hearing, and the IJ gave Touray an opportunity to testify and to present evidence on his behalf during the hearing.

Touray claims that his hearing notice was not "timely" and that he did not have sufficient opportunity to prepare for the hearing.  However, at the July 30 hearing, the IJ advised Touray of his rights to counsel, to present witnesses, and to

8

present evidence.  The IJ expressly asked Touray whether he needed more time to gather witnesses or evidence or to speak with his family or an attorney.  Touray declined and told the IJ he was prepared to proceed with the hearing.[3]

Touray then admitted to the IJ that he had failed to attend Brookhaven College after December 2011, which was the charged basis for his removal.  In fact, Touray has never disputed that he violated the conditions of his student visa by failing to continue to attend Brookhaven College.  Touray's admission constituted clear and convincing evidence of his removability.

More importantly, Touray admitted that his U.S.-citizen wife had not filed any paperwork on his behalf that would allow him to remain in the United States.  Because Touray did not have a pending I-130 family-based visa petition, there was no basis for the IJ to grant relief from removal on that basis.  Under the

---

[3]There is no statute or regulation requiring a hearing notice to be served ten days before the hearing.  Touray cites the Immigration Court Practice Manual, but that document does not contain such a requirement either.  Rather, the Practice Manual states that "[t]o allow the respondent an opportunity to obtain counsel and to prepare to respond, at least ten days must elapse between service of the Notice to Appear (Form I-862) on the respondent and the initial master calendar hearing."  Immigration Court Practice Manual § 4.15(b).  Consistent with the Practice Manual, Touray was personally served with his NTA (Form I-862) on June 27, 2012, more than a month before his master calendar hearing on July 30, 2012.

Here, Touray's NTA did not contain the date, time, and location of the master calendar hearing.  The Immigration Court subsequently mailed him a notice of hearing on July 26, 2012 with that information.  The Practice Manual provides that "[i]f the Notice to Appear does not contain notice of the date, time, and location of the initial master calendar hearing, the respondent will be mailed a notice of hearing containing this information."  Id. § 4.15(c).  The Practice Manual does not contain a time requirement on the mailing of the notice of hearing.  In any event, Touray did appear at the hearing and declined a continuance.

9

circumstances, Touray has not shown that the outcome of his removal hearing would have been different and, thus, that his due process rights were violated.

In addition, to the extent that Touray argues that the IJ's and the BIA's findings that his marriage was not bona fide violated his due process rights, Touray had not filed an application for relief from removal based on his marriage, so these findings did not affect the outcome of his removal proceedings.

Touray further contends that the IJ should have continued the removal hearing sua sponte so he could gather and present evidence that his marriage was bona fide and pursue approval of an I-130 family-based visa petition. However, the decision to grant a continuance is discretionary. See 8 C.F.R. § 1003.29 (providing that an IJ "may" continue removal proceedings "for good cause shown"); see also In re Hashmi, 24 I. & N. Dec. 785, 788-89 (BIA 2009) (stating that the IJ has "broad discretionary authority over continuances" and outlining factors an IJ may consider when determining whether good cause exists to continue removal proceedings to await adjudication of a pending I-130 family-based visa petition). As such, Touray had no constitutionally protected liberty interest in a continuance and cannot establish a due process violation based on the IJ's failure to continue the removal hearing. See Scheerer, 513 F.3d at 1253.[4]

_____

[4]Based on Scheerer, there is also no merit to Touray's argument that his due process rights were violated because the IJ's decision was reviewed by a single member of the BIA. The

## B.    Removability

Touray also challenges the IJ's finding that he is removable.[5]  Touray argues that he failed to attend classes at Brookhaven College after December 2011 only due to his financial situation and that he intended to resume attending classes in the summer of 2012.

An alien who "is a bona fide student qualified to pursue a full course of study and who seeks to enter the United States temporarily and solely for the purpose of pursuing such a course of study" may be admitted as a nonimmigrant. INA § 101(a)(15)(F)(i), 8 U.S.C. § 1101(a)(15)(F)(i); 8 C.F.R. § 214.2(f)(1).  A nonimmigrant student's status continues as long as the student "is pursuing a full course of study at an [approved] educational institution" and "is considered to be maintaining status if he or she is making normal progress toward completing a course of study."  8 C.F.R. § 214.2(f)(5)(i).  An alien who was admitted as a nonimmigrant is removable if he fails "to maintain the nonimmigrant status in which the alien was admitted . . . or to comply with the conditions of any such status . . . ."  INA § 237(a)(1)(C)(i), 8 U.S.C. § 1227(a)(1)(C)(1).

---

decision to assign a case to a three-member panel is discretionary.  See 8 C.F.R. § 1003.1(e)(6) (providing that cases "may" be assigned to a three-member panel under certain circumstances).

[5]We review findings of fact, including findings of removability, for substantial evidence. Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004).

Here, substantial evidence supports the IJ's finding that Touray was removable under INA § 237(a)(1)(C)(i), 8 U.S.C. § 1227(a)(1)(C)(1), for failing to maintain the conditions of his nonimmigrant student status.  It is undisputed that Touray was admitted to the United States on a student visa to attend Brookhaven College and that in December 2011 Touray stopped attending Brookhaven College. In other words, Touray was not "pursuing a full course of study," as required to maintain his status as a nonimmigrant student.  See 8 C.F.R. § 214.2(f)(5). Although Touray offers his inability to pay tuition as an excuse for his noncompliance, his financial situation does not alter his immigration status or the conditions of that status.  Further, there is no evidence that Touray obtained alternative authorization to remain in the United States.

In sum, Touray failed to show any due process violations, and substantial evidence supports the finding that Touray is removable.

**PETITION DENIED.**