[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12753
Non-Argument Calendar

_____

Agency No. A216-031-542

ISRAEL SARABIA-ARREDONDO,
a.k.a. Israel Sarabia-Arredondo Arredondo
a.k.a. Israel Arredondo,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 26, 2021)

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Israel Sarabia-Arredondo seeks review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of his application for cancellation of removal under the Immigration and Nationality Act (INA). Sarabia-Arredondo is a native and citizen of Mexico, who arrived in the United States without being admitted or paroled. In 2017, he was served with a Notice to Appear that charged him with removability pursuant to INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i).

Sarabia-Arredondo conceded removability and submitted an application for cancellation of removal. In support of that application, he alleged that he had been in the United States since 2002, that he was a person of good moral character, and that his two daughters were qualifying relatives. In a prehearing memorandum, he alleged that he entered the United States in 1991, that he was a person of good moral character, that he had only been charged or convicted of misdemeanor traffic offenses, and that his removal would result in "exceptional and extremely unusual hardship" to his two daughters. To that last point, Sarabia-Arredondo alleged that, if he were removed, his daughters would suffer from a lower standard of living, diminished educational opportunities, and poor economic conditions.

The IJ found that Sarabia-Arredondo's allegations were insufficient to establish exceptional and extremely unusual hardship, and found Sarabia-Arredondo removable. The IJ granted voluntary departure with a $20,000 bond.

2

Sarabia-Arredondo appealed to the BIA.  The BIA noted that it reviews findings of fact for clear error and all other issues, including legal issues, de novo.  In the next sentence, the BIA stated that it discerned "no clear error" in the IJ's determination that Sarabia-Arredondo was ineligible for cancellation of removal.  Accordingly, the BIA dismissed Sarabia-Arredondo's appeal and reinstated the voluntary departure order.  The BIA further warned that the grant of voluntary departure would automatically terminate if Sarabia-Arredondo, prior to departing, filed a judicial challenge to its final order.  Sarabia-Arredondo now petitions us for review.

Sarabia-Arredondo argues first that the "exceptional and extremely unusual hardship" standard for cancellation of removal is void for vagueness.  Second, he argues that the BIA erred by reviewing the IJ's determination that he was ineligible for cancellation of removal for clear error.  Last, Sarabia-Arredondo argues that the regulation, 8 C.F.R. § 1240.26(i), which automatically terminates a voluntary departure order when a person subject to removal petitions for review, is ultra vires of the voluntary departure statute, INA § 240B, 8 U.S.C. § 1229c.

## I.

We review only the decision of the BIA, except to the extent that the BIA expressly adopted or explicitly agreed with the opinion of the IJ.  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010).  We determine whether we

3

have subject matter jurisdiction de novo. *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1283 (11th Cir. 2007) (per curiam). Constitutional challenges and questions of law are reviewed de novo. *Zhou Hua Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1307 (11th Cir. 2013).

The INA provides that an order of removal is not judicially reviewable where that order is against a person subject to removal who has applied for cancellation of removal under INA § 240A(b), 8 U.S.C. § 1229b(b). *See* INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i). However, notwithstanding this prohibition, we retain jurisdiction to review constitutional claims or questions of law raised upon a petition for review. *See Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1262 (11th Cir. 2020) (en banc). Here, we have jurisdiction to review Sarabia-Arredondo's constitutional and legal questions. *See id.*

## II.

We start with Sarabia-Arredondo's argument that the "exceptional and extremely unusual hardship" standard for cancellation of removal is void for vagueness, and therefore violates his Fifth Amendment right to due process. There is no constitutional right to discretionary relief such as cancellation of removal. *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008). We have repeatedly held that "the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." *Id.* (quoting *Garcia*

4

*v. Att'y Gen.*, 329 F.3d 1217, 1224 (11th Cir. 2003) (per curiam)); *accord Meija*

*Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999).  Accordingly, no due

process violation can arise from the decision not to grant cancellation of removal.

Sarabia-Arredondo cannot prevail on his due process claim because he "does not

enjoy a constitutionally protected liberty interest" in cancellation of removal.[1]

*Meija Rodriguez*, 178 F.3d at 1146.

### III.

Next, we consider whether the BIA applied the wrong legal standard.  The

BIA reviews questions of law de novo and findings of fact for clear error.  *See* 8

C.F.R. § 1003.1(d)(3)(i)–(ii).  We have held that the BIA committed legal error by

reviewing the IJ's factual determinations de novo.[2]  *See Zhou Hua Zhu*, 703 F.3d at

1314–16 (remanding in order for the BIA to determine whether the IJ's factual

findings were clearly erroneous).

Here, the BIA's decision correctly indicated that a de novo standard of

review applied to the IJ's legal determinations and that a clear-error standard of

review applied to the IJ's factual determinations.  However, the BIA also stated

---

[1] To the extent that Sarabia-Arredondo argues that it is improper to distinguish constitutional protections during the removal portion and the relief portion of removal proceedings, absent an intervening Supreme Court or en banc decision, we are bound by our prior precedent. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

[2] Similarly, the Attorney General remanded a BIA decision because the BIA had failed to conduct a de novo review of the applicant's asylum claim, and instead determined in one sentence that the IJ had committed "no clear error" in its determination that the applicant had established persecution. *In re A-C-A-A-*, 28 I. & N. Dec. 84, 84–85, 95–96 (A.G. 2020).

that it discerned "no clear error" in the IJ's determination that Sarabia-Arredondo was ineligible for cancellation of removal. But the BIA went on to explain that Sarabia-Arredondo had failed to demonstrate that his daughters would suffer from exceptional and extremely unusual hardship due to his removal because the hardship was not substantially beyond what was expected. The BIA elaborated that diminished economic and educational opportunities would generally be insufficient to support a finding of exceptional and extremely unusual hardship as required for cancellation of removal. Thus, while the BIA stated that it "discern[ed] no clear error" in the IJ's determination, it did in fact review Sarabia-Arredondo's legal claim de novo. Accordingly, the BIA did not err.

IV.

Finally, we determine whether 8 C.F.R. § 1240.26(i), which automatically terminates a voluntary departure order when a person subject to removal petitions for review, is beyond the scope of the Attorney General's authority under the voluntary departure statute. The Attorney General may allow a person subject to removal to voluntary depart the United States at the conclusion of removal proceedings in lieu of removal. INA § 240B(b)(1), 8 U.S.C. § 1229c(b)(1). An IJ may enter an order granting voluntary departure at the conclusion of the immigration proceedings if the petitioner: (1) has been present in the United States for at least one year; (2) had good moral character for the preceding five years; (3)

6

was not removable under INA § 237(a)(2)(A)(iii) or (a)(4), 8 U.S.C. § 1227(a)(2)(A)(iii); and (4) he has established by clear and convincing evidence that he has the means to depart the United States and that he intends to do so.  INA § 240B(b)(1), 8 U.S.C. § 1229c(b)(1).  The Attorney General may limit voluntary departure eligibility for "any class or classes of" persons subject to removal.  INA § 240B(e), 8 U.S.C. § 1229c(e).

A petitioner has a right to seek judicial review of an order of removal.  *See* INA § 242, 8 U.S.C. § 1252.   However, under 8 C.F.R. § 1240.26(i), if the person subject to removal files a petition for review prior to departing the United States, a grant of voluntary departure is automatically terminated.  Under the regulation, a person subject to removal who is granted post-conclusion voluntary departure will not be deemed to have been removed if the person departs the United States no later than 30 days after he files a petition for review.  8 C.F.R. § 1240.26(i).  A petitioner may seek review from outside of the United States.  *See Jian Le Lin v. U.S. Att'y Gen.*, 681 F.3d 1236, 1238 (11th Cir. 2012).

To determine whether an agency's regulation exceeds its statutory authority, we apply the two-step test articulated in *Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984); *see De Sandoval v. U.S. Att'y Gen.*, 440 F.3d 1276, 1278–79 (11th Cir. 2006).  At the first step, we determine whether Congress has directly spoken to the precise question at issue.  *De Sandoval*, 440 F.3d at

7

1278–79.  We will set aside a regulation if it conflicts with Congress's express purpose.  *Id.*  However, if Congress has not addressed the issue, or if the statute is ambiguous, the second step is to determine whether the regulation is "based on a permissible construction of the statute."  *Id.*

First, 8 C.F.R. § 1240.26(i) does not deprive a person subject to removal of judicial review because that person can still seek a petition of review following his voluntary departure from the United States.  *See* 8 C.F.R. § 1240.26(i); *Jian Le Lin*, 681 F.3d at 1238.  Furthermore, the regulation does not exceed the Attorney General's statutory authority.  Congress has not directly spoken as to whether person subject to removal's petition for review may automatically terminate an order of voluntary departure.  However, Congress has given the Attorney General the authority and discretion to grant voluntary departure.  *See* INA § 240B(b)(1), 8 U.S.C. § 1229c(b)(1).  And Congress has given the Attorney General the authority to limit eligibility for voluntary departure.  *See* INA § 240B(e), 8 U.S.C. § 1229c(e).  This means that a grant of voluntary departure is discretionary and persons subject to removable are not entitled to it.  Therefore, 8 C.F.R. § 1240.26(i) is a permissible exercise of the Attorney General's discretion to grant or limit voluntary departure and does not exceed INA § 240B, 8 U.S.C. § 1229c. *See De Sandoval*, 440 F.3d at 1278–79.  Accordingly, we deny Sarabia-Arredondo's petition for review.

8

**PETITION DENIED.**